Mary B. SIGMON, Appellant,

v.

William E. POE, Individually and as Chairman, Charlotte-Mecklenburg Board of Education, et al., Appellees.

No. 75–1418.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1975.

Decided Dec. 12, 1975.

Michael H. Gottesman, Washington, D. C. (Robert M. Weinberg, Bredhoff, Cushman, Gottesman & Cohen, David Rubin, Washington, D. C., William K. Diehl, Jr., James, Williams, McElroy & Diehl, Charlotte, N. C., on brief), for appellant.

Harry C. Hewson, Charlotte, N. C. (Jones, Hewson & Woolard, Charlotte, N. C., on brief), for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

The plaintiff was a probationary teacher in the Charlotte School System. In April 1974 she was notified by the Board that her contract would not be renewed for the next school year. In July, 1974 she filed suit in the United States District Court claiming that, in violation of the provisions of § 115–142(m)(2), N.C.G.S., the nonrenewal of her employment contract was "arbitrary and capricious." She asserted jurisdiction under § 1983, 42 U.S.C. and §§ 1331 and 1343, 28 U.S.C. In connection with the filing of that action, she sought a preliminary injunction ordering her continued employment. After a hearing, the District Court granted such preliminary injunctive relief, pending the extension to the plaintiff of a hearing. That hearing, as provided in the District Court's order, was to determine "the question whether the [Board's refusal] to renew [Mrs. Sigmon's] contract was 'arbitrary, capricious, discriminatory or for personal or political reasons,' * * *." 381 F.Supp. 387. In conformity with that order, the Board granted the plaintiff a hearing on the issue, as stated by the District Court. It found that its action in denying renewal of plaintiff's employment contract was not arbitrary or capricious. The defendant thereupon moved to vacate the preliminary injunction. After a full hearing, during which all parties were granted the opportunity to offer and did offer evidence, the District Court vacated the preliminary injunction and denied plaintiff any prelim-

inary relief.[1] From the denial of a continuance of the preliminary injunction, the plaintiff has appealed. Her main contention on appeal is that the Board was disqualified to hear and determine the issue committed to it for hearing under the District Court's order.

 We affirm the denial of preliminary injunctive relief in favor of the plaintiff. We reach that conclusion, however, on somewhat different grounds from those adopted by the District Court. The plaintiff was concededly a probationary teacher under the applicable laws of North Carolina. The State Statute[2] gives to the School Board the right to refuse renewal of a probationary teacher's employment "for any reason that it deems sufficient" except that it may not do so "arbitrarily, capriciously, discriminatorily or for personal or political reasons." However, whether there has been a denial of renewal of plaintiff's contract for "arbitrary, capricious, discriminatory or for personal or political reasons" is not a question to be resolved by the Board. Nor is there in the statute any authority in the Court to commit the decision of that issue to another Board. Any claim of an arbitrary or capricious denial of renewal of a probationary teacher's contract under the statute gives rise to a right of action,[3] which is to be resolved by a proper Court and not by the Board. The District Court accordingly erred, in our opinion, in referring the issue whether the Board's exercise of its right to deny renewal "for any cause it deems sufficient" to the Board for a hearing and a determination; it should have resolved that issue itself. The District Court did, though, consider and rule on that issue in connection with plaintiff's application for the continuance of the preliminary injunction. It found that the action of the Board in denying renewal was not arbitrary or capricious. That finding was not clearly erroneous. In view of that finding it was not error for the District Court to deny the plaintiff preliminary injunctive relief.

The judgment of the District Court is accordingly affirmed.

*Affirmed.*

---

1. The District Court's holding is stated thus:

     "Although I do not read the evidence as demonstrating incompetence on Mrs. Sigmon's part, it does include a basis upon which the Board could properly find that her discharge was not 'arbitrary, capricious, discriminatory or for personal or political reasons.' Despite the hostilities and acrimony generated (or displayed) during the hearing, I do not find the hearing to have been constitutionally defective measured by due process standards. * * * The temporary restraining order is dissolved. * * *." 391 F.Supp. 430.

2. § 115–142(m)(2), N.C.G.S.

3. *Taylor v. Crisp* (1975), 286 N.C. 488, 212 S.E.2d 381.