TIMOTHY ABELL AND DON A. REAMS v. THE NASH COUNTY BOARD OF EDUCATION

No. 847SC91

(Filed 6 November 1984)

1. **Schools § 13.1— refusal to rehire non-tenured teacher—recommendation by superintendent and principal—arbitrary or capricious reason**

    An arbitrary or capricious recommendation by a school superintendent or principal does not provide a board of education a valid basis for refusing to rehire a non-tenured teacher. Rather, G.S. 115C-325(m)(2) imposes a duty on boards of education to determine the substantive bases for recommendations of non-renewal of a probationary teacher's contract, and the board of education's records should reflect the specific substantive reason for non-renewal.

2. **Schools § 13.1— refusal to rehire probationary teachers—summary judgment for school board improper**

    In an action by two probationary teachers seeking reinstatement to their teaching positions, summary judgment was improperly entered for defendant board of education where the board's forecast of evidence showed only that the school superintendent and school principal had recommended that plaintiffs not be rehired but failed to show any rational basis for such recommendation.

APPEAL by plaintiffs from *Barefoot, Judge.* Judgment entered 15 September 1983 in NASH County Superior Court. Heard in the Court of Appeals 23 October 1984.

Plaintiffs Reams and Abell were probationary teachers and assistant football coaches at Northern Nash High School (NNHS). Neither had ever received any criticism from their supervisors, and both consistently earned "satisfactory" evaluations during their two years at NNHS. At the end of the 1981-82 school year,

both received letters informing them that the defendant Board of Education had decided not to renew their contracts for the 1982-83 school year. No reason was given in the letters. Plaintiffs inquired of their principal, but received no explanation why their contracts were not renewed. Having learned of nothing which would justify the Board's action, and otherwise believing that their performance as teachers had been more than adequate, plaintiffs filed suit for reinstatement, back pay, and actual and punitive damages. The Board moved for and obtained summary judgment, and plaintiffs appealed.

*Thorp, Fuller & Slifkin, P.A., by James C. Fuller, Jr., and Chambers, Ferguson, Watt, Wallas & Adkins, P.A., by John W. Gresham, for plaintiffs.*

*Valentine, Adams, Lamar & Etheridge, by L. Wardlaw Lamar, for defendant.*

WELLS, Judge.

Teachers in North Carolina are hired by local boards of education, upon the recommendation of their school superintendents. N.C. Gen. Stat. § 115C-299 (1983); *see* N.C. Gen. Stat. §§ 115C-35 to -48 (1983) (duties of boards); N.C. Gen. Stat. §§ 115C-271 to -278 (1983) (superintendents). Non-renewal of contracts of probationary teachers is governed by N.C. Gen. Stat. § 115C-325(m)(2) (1983), which provides:

> The board, upon recommendation of the superintendent, may refuse to renew the contract of any probationary teacher or to reemploy any teacher who is not under contract for any cause it deems sufficient: Provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons.

No statutory right of appeal exists. G.S. § 115C-325(n). Probationary teachers who contend non-renewal was for a prohibited reason therefore must sue in the appropriate court. *Sigmon v. Poe*, 528 F. 2d 311 (4th Cir. 1975) (per curiam). Plaintiffs did so, alleging that the Board's action was arbitrary and capricious; summary judgment was rendered against them.

A party moving for summary judgment may prevail if it meets the burden of proving an essential element of the opposing

party's claim is nonexistent or by conclusively establishing a complete defense. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982); *Ballinger v. Secretary of Revenue*, 59 N.C. App. 508, 296 S.E. 2d 836 (1982), *cert. denied*, 307 N.C. 576, 299 S.E. 2d 645 (1983). If the moving party forecasts evidence which would entitle it to judgment as a matter of law, the non-moving party then must come forward with a forecast of evidence showing that a genuine issue of material fact exists for trial. *Hotel Corp. v. Taylor*, 301 N.C. 200, 271 S.E. 2d 54 (1980). The non-movant may not rely on conclusory allegations unsupported by facts. *Lowe v. Bradford, supra*. The evidence must be considered in the light most favorable to the non-movant with all reasonable inferences therefrom. *Rose v. Guilford Co.*, 60 N.C. App. 170, 298 S.E. 2d 200 (1982).

[1]  The Board's position is that it established a complete defense as a matter of law. It relies on our opinion in *Hasty v. Bellamy*, 44 N.C. App. 15, 260 S.E. 2d 135 (1979). There a probationary teacher's principal tried to get him to sign a letter which appeared to waive certain employment rights. When the teacher refused, the principal and the school superintendent recommended that the board not renew his contract. After non-renewal, the teacher sued and his complaint was dismissed; on appeal, we reversed:

> From plaintiff's complaint, two possibilities appear: (1) the board failed to renew plaintiff's contract because he refused to sign the letter of condition, or (2) the board failed to renew plaintiff's contract because the principal and superintendent recommended that he not be rehired. If the latter were proved to be the case, no violation of . . . [G.S. § 115C-325(m)(2)] would be established, since the superintendent is entitled to make such recommendations, see . . . [G.S. § 115C-299; G.S. § 115C-325(m)(2)]; *Taylor v. Crisp*, 286 N.C. 488, 212 S.E. 2d 381 (1975), and *we do not find that the failure to renew plaintiff's contract based on the principal's recommendation would make the board's action arbitrary, capricious, or for personal reasons, in violation of the statute.* If the plaintiff were able to prove (1) above, however, we would reach a different result.

*Hasty v. Bellamy, supra,* [emphasis added].[1] We went on to hold that plaintiff could pursue his claim that the failure to renew, if based *solely* on his refusal to sign the letter, was arbitrary and capricious. *Id.*

Relying on the emphasized language, defendant Board argues steadfastly that the superintendent and principal recommended that plaintiffs' contracts not be renewed, and that its action therefore was not arbitrary and capricious as a matter of law. The Board introduced minutes of the meeting at which the recommendation was made, with an attached list of teachers not offered renewal contracts. Plaintiffs were the only two teachers named thereon. The Board also introduced an uncontradicted affidavit from the superintendent that he had recommended plaintiffs not be reemployed. Defendant contends that applying *Hasty* literally, this evidence sufficed to establish a complete defense to plaintiffs' action.

It appears appropriate for us to clarify our opinion in *Hasty*. Obviously, we did not intend to take the position in *Hasty* that an arbitrary or capricious recommendation by a principal or superintendent would or could provide a school board with a valid basis for not rehiring a non-tenured teacher. To do so would not only unfairly insulate boards of education in such circumstances, but would invite arbitrary and capricious actions on the part of principals and superintendents, and would have the effect of rendering the prophylactic provisions of G.S. § 115C-325(m)(2) meaningless. We therefore modify it as discussed below.

It is elementary that a statute must be construed as a whole, giving effect if possible to every provision. *Jolly v. Wright,* 300 N.C. 83, 265 S.E. 2d 135 (1980). A construction which will defeat or impair the object of a statute must be avoided if that can reasonably be done without violence to the legislative language. *In re Hardy,* 294 N.C. 90, 240 S.E. 2d 367 (1978). We will not adopt a construction of a statute which would effectively render it meaningless. *State v. Jones,* 67 N.C. App. 377, 313 S.E. 2d 808, *cert. denied,* --- N.C. ---, 315 S.E. 2d 699 (1984).

---

1. *Hasty v. Bellamy, supra* was decided prior to the recodification of Chapter 115 (to Chapter 115C) of the General Statutes. 1981 N.C. Sess. Laws, c. 423, s. 1. No change of the operative language occurred, however.

The harsh effect of common law employee contract principles was demonstrated in *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971). There our supreme court held that non-renewal of a teacher's contract lay entirely in the discretion of the board of education, rejecting summarily the plaintiff teacher's contention that the reasons given by the board were inadequate. Essentially, boards could refuse to renew for any reason or no reason at all. That same year the General Assembly changed the common law rule. 1971 N.C. Sess. Laws, c. 883.[2] The new law provided tenure for career teachers and listed the allowable reasons for their dismissal or demotion. And it contained the same language protecting probationary teachers now found at G.S. § 115C-325(m)(2). Clearly, the legislature intended to afford probationary teachers minimum protection against the arbitrary non-renewal permitted under the common law. The discretion of the boards with respect to probationary teachers remains very broad, of course, but the decision not to renew must have *some* non-arbitrary basis.

A school board may refuse to renew a probationary teacher's contract upon recommendation of the superintendent. That recommendation is only advisory, however; ultimate responsibility rests with the board. *Taylor v. Crisp, supra*. Applied literally, our decision in *Hasty* would allow the board to exercise its responsibility without regard to the limitations of G.S. § 115C-325(m)(2). As long as the superintendent actually recommended non-renewal, the board's action could never be arbitrary, even if the superintendent was simply relaying a recommendation based on no knowledge or based on personal ill-will. Such an interpretation effectively would render the proviso of G.S. § 115C-325(m)(2) meaningless, depriving probationary teachers of even the minimal legislative protection afforded thereby. It is therefore untenable.

Rather, we interpret G.S. § 115C-325(m)(2) to impose a duty on boards of education to determine the substantive bases for recommendations of non-renewal and to assure that non-renewal is not for a prohibited reason. The parties advance various elaborate tests for determining what is "arbitrary" or "capricious." Rather than further muddy the waters, we simply follow the general rule that "arbitrary" or "capricious" reasons are those without any rational basis in the record, such that a decision made thereon

2. See note 1, *supra*.

amounts to an abuse of discretion. Black's Law Dictionary 96, 192 (5th ed. 1979); *Comr. of Insurance v. Rate Bureau*, 300 N.C. 381, 269 S.E. 2d 547, *reh. denied*, 301 N.C. 107, 273 S.E. 2d 300 (1980); *In re Housing Authority*, 235 N.C. 463, 70 S.E. 2d 500 (1952). We hold that the advisory nature of the superintendent's recommendation to not rehire a non-tenured teacher places the responsibility on the Board to ascertain the rational basis for the recommendation before acting upon it.

The framework in which the recommendations are made supports this holding. Particularly in a larger school system, principals are charged with daily supervision and will be best acquainted with teachers' abilities and deficiencies. Superintendent's recommendations will ordinarily depend on the principals'. In the great majority of cases, the lay members of the board will undoubtedly follow the recommendation of these professionals. By statute, the superintendent is employed by the board and is responsible for carrying out its decisions. G.S. §§ 115C-276, -271. The principal is also employed by the board, reporting to both the superintendent and the board. G.S. §§ 115C-284, -286, -288. By statute and under traditional common-law principles, then, the superintendent and principal are agents of the board. The board cannot escape responsibility for its actions, based on the recommendations of its agents, by simply refusing to inquire into their agents' reasons. *Equipment Co. v. Anders*, 265 N.C. 393, 144 S.E. 2d 252 (1965); *see* Restatement (Second) of Agency § 212 (1958). The board, if it acts on recommendations made on improper grounds, must accept responsibility therefor. This does not mean that the board must make exhaustive inquiries or formal findings of fact, only that the administrative record, be it the personnel file, board minutes or recommendation memoranda, should disclose the basis for the board's action.

Recent decisions of the United States Supreme Court support our decision. In the landmark case of *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), that Court, as in the present case, was asked to review an informal administrative decision with no hearing record or other required formal presentation of facts. The Court held that ultimately the question before it was a narrow one, *i.e.*, whether the decision of the administrative agency was arbitrary, capricious, an abuse of discretion, or not in accordance with law. *See* 5 U.S.C. § 706(2)(A) (1982).

To enable a reviewing court to make such a determination, the court ruled, the administrative record must disclose what factors the administrator considered in reaching the decision. *See also Bowman Trans. v. Arkansas-Best Freight*, 419 U.S. 281 (1974), *reh. denied*, 420 U.S. 956 (1975) ("arbitrary and capricious" standard) (decision upheld if agency's path in reaching it can reasonably be discerned from the record).

As noted above, we do not require that a formal order be prepared each time a board of education decides not to renew a probationary teacher's contract,[3] but the board's records should reflect the specific substantive reason for the non-renewal of his contract. *See Dept. of Correction v. Gibson*, 308 N.C. 131, 301 S.E. 2d 78 (1983) (racial discrimination case) (burden to produce explanation on employer).

[2]  With the foregoing principles in mind, we conclude that the present record does not justify summary judgment in favor of the defendant Board. As noted above, the Board, as movant, bore the burden of establishing a rational reason for its action. The Board offered only documents indicating that plaintiffs were recommended for cuts by the principal and the superintendent. One document, entitled "Worksheet" (author unknown), makes the following reference to plaintiff Reams: "Was tenured in Edgecombe Co. please keep him here!" Affidavits of the superintendent and plaintiffs' principal stated that neither had recommended plaintiffs for renewal, for reasons which "were substantial and were related to the educational process of the Nash County public schools." Plaintiffs submitted counter-affidavits to the effect that they had talked repeatedly to the principal, who had told them he had recommended that their contracts be renewed. The evidence regarding the recommendation of the principal, plaintiffs' direct supervisor, thus conflicted sharply, and the substantive reasons advanced by the two administrators are too vague and conclusory to justify summary judgment.

Some substantive evidence in the record indicates that positions at NNHS needed to be reduced by *three* from 52 to 49. No conclusive evidence was introduced to explain why only these two

---

3. A personnel file containing any material relevant to such decisions must be maintained in any event. G.S. § 115C-325(b).

teachers were not renewed, out of seven originally recommended for non-renewal. On the present record, we must conclude that summary judgment was improperly granted to defendant Board.

We do not believe, as the Board contends, that our decision will result in a wave of litigation by disappointed teachers. Rather, it requires boards of education to be forthright about their actions. If a probationary teacher is not renewed, those who have made that decision simply must have a valid basis. On the present record, however, no such rational reason appears conclusively, and we accordingly reverse.

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.