WILLIAM P. WARREN v. BUNCOMBE COUNTY BOARD OF EDUCATION

No. 8528SC1086

(Filed 20 May 1986)

1. **Schools § 4— board's approval of superintendent's acceptance of resignation — appeal to superior court proper**

   Pursuant to N.C.G.S. § 115C-305, plaintiff could appeal from a decision of defendant board approving the county superintendent's acceptance of his resignation, since that statute allows for appeal to superior court from the decisions of all school personnel.

2. **Schools § 13— resignation by principal**

   A tenured public school principal may resign his position whenever he sees fit, and the resignation may be accepted by the school superintendent and be effective before it is approved by the local school board.

   Judge ARNOLD dissenting.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 7 June 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 13 February 1986.

On 11 October 1984, William P. Warren, the principal of Enka High School, delivered a letter to the office of the Superintendent of the Buncombe County Schools, Dr. N. A. Miller, which stated: "Since I am not doing the professional job which I think is necessary to run Enka High School, I wish to give to you my resignation. The date of this resignation is your choice." Later that day after reading the letter Miller went to Warren's office at Enka High School, told him he wished he hadn't resigned, but accepted the resignation, and the next day formed a committee to select Warren's replacement. A few days later the committee recommended Arthur Taylor, who was offered the position and agreed to accept it on 16 October 1984. On 18 October 1984 Warren told Dr. Miller that he wanted to withdraw his resignation, but Dr. Miller told him it was too late and refused to return the letter. That same evening, during the course of the previously scheduled monthly meeting of the defendant County Board of Education, Dr. Miller reported plaintiff's resignation and the Board approved its acceptance. Warren then requested a hearing, contending that the Board had improperly terminated his employment since his resignation was withdrawn before the Board approved it. The hearing

was granted, but the Board questioned plaintiff's right to it pointing out that he had neither been discharged nor demoted but had resigned. Following the hearing, the Board upheld the action taken earlier, and when plaintiff appealed the decision it was affirmed by the Superior Court.

*Long, Howell, Parker & Payne, by Robert B. Long, Jr., for plaintiff appellant.*

*Roberts, Cogburn, McClure & Williams, by James W. Williams and Isaac N. Northup, Jr., and Tharrington, Smith & Hargrove, by Richard A. Schwartz, for defendant appellee.*

PHILLIPS, Judge.

[1] Though not addressed in either party's brief the recorded facts raise a question as to the plaintiff's right to appeal from the decision of the Buncombe County Board of Education to the Superior Court, and if the case was not properly in the Superior Court it is not properly here. In undertaking to appeal plaintiff stated that the Superior Court's review was sought pursuant to G.S. 115C-45 and G.S. 115C-325, both of which provisions were contained in Chapter 115 of the General Statutes before it was recodified with some deletions and additions as Chapter 115C. In substance, these sections provide for appeals to the Superior Court by public schoolteachers that have been dismissed, demoted, or suspended without pay by the local board of education, G.S. 115C-325(n), and where the board's decision affects a teacher's character or right to teach, G.S. 115C-45(c). The board decision challenged here did none of those things, at least directly, as its main thrust was simply to *approve* the action of its superintendent in accepting plaintiff's resignation the day it was tendered; and certainly, as *Still v. Lance,* 279 N.C. 254, 182 S.E. 2d 403 (1971) makes plain, it did not affect plaintiff's character or right to teach as set forth in the predecessor to G.S. 115C-45(c). It can be argued, though, that the decision is reviewable under G.S. 115C-325(n), because if Superintendent Miller had no authority to accept plaintiff's resignation the termination of his employment was not a resignation, but a dismissal, and all dismissals are appealable under that statute. This nice question need not be addressed, however, because the appeal is clearly authorized by G.S. 115C-305, enacted in 1981, as follows:

Appeals to the local board of education or to the superior court shall lie from the decisions of *all* school personnel, *including decisions affecting character or the right to teach*, as provided in G.S. 115C-45(c). (Emphasis supplied.)

The emphasized language indicates an intention to extend the right of appeal in public school personnel decisions far beyond the confines of the former law; and we hold that plaintiff's appeal was properly before the Superior Court and is properly before us, though G.S. 115C-305 was not cited as authority therefor when the appeal was taken. Nevertheless, plaintiff's appeal is unavailing; for our review of the "whole record" in accordance with the requirements set forth in *Overton v. Goldsboro City Board of Education*, 304 N.C. 312, 283 S.E. 2d 495 (1981) discloses nothing that would require the board's decision to be reversed or modified.

[2] The facts found by the board, including those above stated, are all supported by competent, credible evidence and raise but two questions, both questions of law: Can a tenured public school principal in this state resign his position whenever he sees fit? If so, can the resignation be accepted by the school superintendent and be effective before it is approved by the local school board? The same statutory provision supplies an affirmative answer to both questions. G.S. 115C-325 governs the hiring, firing, tenure and resignations of public schoolteachers; and its definition of "teacher" includes those who directly supervise teaching, as plaintiff did when he was principal of the Enka High School. Subsection (o) of G.S. 115C-325 provides as follows:

A teacher, career or probationary, should not resign without the consent of the superintendent unless he has given at least 30 days' notice. If the teacher does resign without giving at least 30 days' notice, the board may request that the State Board of Education revoke the teacher's certificate for the remainder of that school year. A copy of the request shall be placed in the teacher's personnel file.

This provision, we think, expressly recognizes the fact that a public schoolteacher can resign whenever he sees fit, though not necessarily with impunity, and that his superintendent has the authority to accept the resignation. For if the superintendent has the power, as the statute provides, to waive the 30 days' notice that generally must be given by resigning teachers, it necessarily

follows that he has the power simply to accept a resignation. Furthermore, the evidence shows that with the defendant Board's acquiescence Miller has routinely accepted all resignations tendered to him since he became superintendent; a practice that neither this statute nor any other forbids. Nor does this statute nor any other require the local board of education to either act directly on a teacher's resignation or to approve the action taken on a resignation by the superintendent; whereas other sections of G.S. 115C-325 require the local board to act in certain specified ways in hiring, promoting, or disciplining career or probationary teachers. The reasons for the General Assembly specifying what local boards must do in the latter situation and saying nothing about its role in the former are obvious. Under the law public school teachers are hired, promoted, dismissed and disciplined by their employer, the local school board, and the law directs how those functions must be accomplished in order to protect the public and teachers alike. On the other hand, to resign or not resign is for the teacher-employee to decide; and when the decision is made neither the superintendent nor the board of education can change it. Thus, when plaintiff resigned his position as principal of Enka High School and the superintendent accepted it, it was final; the subsequent approval of the resignation by the defendant board was a gratuitous but meaningless formality.

The cases relied upon by the plaintiff involved either different circumstances or different statutes, and thus have no application to this case. Though not authoritative, we found the decision of the Oregon Supreme Court in *Pierce v. Douglas School District No. Four*, 297 Or. 363, 686 P. 2d 332 (1984) persuasive. In that case, quite similar to this one, the Court concluded, as we do, that acceptance by the local school board was not required for a teacher's resignation to be effective.

Affirmed.

Judge EAGLES concurs.

Judge ARNOLD dissents.

---

---

Judge ARNOLD dissenting.

I vote to dismiss the appeal. Warren filed this suit seeking judicial review pursuant to the provisions of G.S. 115C-325, and G.S. 115C-45, of the Board's decision to accept his resignation. The threshold question which must be determined is whether Warren is entitled to judicial review of the Board's action in accepting his resignation.

G.S. 115C-325(n) provides:

Any teacher who has been dismissed or demoted pursuant to G.S. 115C-325(e)(2), or pursuant to subsections (h), (k) or (l) of this section, or who has been suspended without pay pursuant to G.S. 115C-325(a)(4), shall have the right to appeal from the decision of the board to the superior court for the judicial district in which the teacher is employed. This appeal shall be filed within a period of 30 days after notification of the decision of the board. The cost of preparing the transcript shall be borne by the board. A teacher who has been demoted or dismissed and who has not requested a hearing before the board of education pursuant to this section shall not be entitled to judicial review of the board's action.

Warren was neither dismissed nor demoted. He freely and voluntarily resigned and his resignation was accepted by the Board. The procedure under which the resignation was accepted does not fall within the purview of G.S. 115C-325(e)(2)(h), (k) or (l), thus, I would find that Warren has no right of review under G.S. 115C-325.

Warren also seeks review pursuant to the provision of G.S. 115C-45 which in pertinent part provides:

An appeal shall lie from the decision of a local board of education to the superior court of the State in any action of a local board of education affecting one's character or right to teach.

The Board's decision does not affect Warren's character thus the question becomes whether the acceptance of the resignation affects Warren's right to teach. In *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971), our Supreme Court held that a decision not to renew a teacher's contract at the end of the year did not come

within the purview of G.S. 115-34 (repealed 1 July 1981), the fore-runner of this statute, because the decision did not deprive the teacher of the right to teach elsewhere. Based upon this decision I believe that in order to bring an action under this statute the Board's action must somehow deprive the appealing party of their right not only of the job they held but also any other teaching job. The action of the board in the case *sub judice* did not deprive Warren of his right to teach within the meaning of the statute. Thus, I would find that he has no right to judicial review pursuant to 115C-45.

Because these statutes afford Warren no right to judicial review of the Board's acceptance of his resignation, I believe that his appeal should be dismissed.