TIMOTHY ABELL AND DON A. REAMS v. THE NASH COUNTY BOARD OF EDUCATION

No. 877SC247

(Filed 15 March 1988)

1. Schools § 13.2— probationary teachers—arbitrary failure to renew contracts —burden of proof

   Plaintiff probationary teachers had the burden of proving that defendant board of education acted arbitrarily or capriciously in failing to renew their contracts. N.C.G.S. § 115C-44(b).

2. Schools § 13.2— assistant football coaches—probationary teachers—nonrenewal of contracts because of coaching change

   A board of education's refusal to renew teaching contracts of probationary teachers who also served as assistant football coaches was not arbitrary or capricious because nonrenewal was based on a change of the head football coach. N.C.G.S. § 115C-325(m)(2).

APPEAL by plaintiffs from *Strickland (James R.), Judge.*
Judgment entered 11 September 1986 in Superior Court, NASH
County. Heard in the Court of Appeals 30 September 1987.

*Ferguson, Stein, Watt, Wallas & Adkins, by John W.
Gresham, for plaintiff-appellants.*

*Tharrington, Smith & Hargrove, by Richard A. Schwartz, J.
David Farren, and C. Allison Brown, and Valentine, Adams,
Lamar & Etheridge, by L. Wardlaw Lamar, for defendant-
appellee.*

GREENE, Judge.

This is a civil action in which plaintiffs seek actual and
punitive damages, as well as injunctive relief. They allege defend-
ant Nash County Board of Education's nonrenewal of their teach-
ing contracts was an "arbitrary and capricious" action. At the
conclusion of plaintiffs' evidence, the trial court granted defend-
ant's motion for a directed verdict. Plaintiffs appeal to this Court.

A motion for directed verdict pursuant to Rule 50(a) of the
North Carolina Rules of Civil Procedure, N.C.G.S. Sec. 1A-1 (1983),
presents a question of whether plaintiffs' evidence was sufficient
to carry the case to the jury:

> In passing on this motion, the trial judge must consider the
> evidence in the light most favorable to the non-movant, and
> conflicts in the evidence together with inferences which may
> be drawn from it must be resolved in favor of the non-
> movant. The motion may be granted only if the evidence is
> insufficient to justify a verdict for the non-movant as a mat-
> ter of law.

*Arnold v. Sharpe,* 296 N.C. 533, 537, 251 S.E. 2d 452, 455 (1979)
(citation omitted).

Plaintiffs' evidence, viewed in the light most favorable to
them, tends to show the following: Plaintiffs were probationary
high school teachers who also performed various coaching duties
at Northern Nash High School pursuant to year-to-year contracts.
Plaintiffs' coaching duties included serving as assistant football
coaches. Plaintiff Abell was employed during the 1980-81 and
1981-82 school years. Plaintiff Reams was employed during the

1981-82 school year. Both plaintiffs were certified only in health and physical education but were assigned to teach federally funded remedial math courses. Abell was required by his 1980-81 contract to obtain math certification within three years, although this requirement was not mentioned in his 1981-82 contract. Reams was required to take six semester hours of math courses during 1981-82.

On 28 April 1982, the Nash County Board of Education (hereinafter the "Board") voted not to renew plaintiffs' contracts. About the same time plaintiffs were advised of their nonrenewals, a new football coach was employed by Northern Nash because of alleged improprieties on the part of the former head coach. Plaintiffs were told if they wanted to continue their employment at the high school, they would have to "sell" themselves to the new football coach. The new coach chose instead to employ other assistants. Reams was later offered a position in the Nash County system at a junior high school but declined and accepted a position which included coaching duties with another school system. Abell was later employed as a community recreational director.

The sole issue presented is whether, because of "coaching changes" at the high school, the Board's nonrenewal of the contracts of probationary high school teachers who also served as assistant coaches is arbitrary or capricious.

I

The nonrenewal of the contract of a probationary school teacher in the North Carolina public schools is governed by N.C.G.S. Sec. 115C-325(m)(2) (1987) which provides:

The board, upon recommendation of the superintendent, may refuse to renew the contract of any probationary teacher or to reemploy any teacher who is not under contract for any cause it deems sufficient: Provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons.

For plaintiffs to overcome defendant's motion for a directed verdict they are required to offer evidence, beyond mere speculation or conjecture, sufficient for a jury to find every essential ele-

ment of their claim. Upon a failure to do so, the motion for a directed verdict is appropriately entered against them. *Oliver v. Royall*, 36 N.C. App. 239, 242, 243 S.E. 2d 436, 439 (1978). *See also Hong v. George Goodyear Co.*, 63 N.C. App. 741, 742-43, 306 S.E. 2d 157, 159 (1983) (plaintiff's failure to make out *prima facie* case allows judge to rule on issue as a matter of law). An essential element of plaintiffs' claims here is that the nonrenewals of their teaching contracts were for "arbitrary or capricious" reasons. An arbitrary or capricious reason is one "without any rational basis in the record, such that a decision made thereon amounts to an abuse of discretion." *Abell v. Nash Co. Bd. of Education*, 71 N.C. App. 48, 52-53, 321 S.E. 2d 502, 506 (1984), *disc. rev. denied*, 313 N.C. 506, 329 S.E. 2d 389 (1985) (hereinafter "*Abell I*").

[1] Plaintiffs contend the Board has the burden of establishing a rational basis for the nonrenewals and that it failed to meet this burden because it brought forward no evidence of a rational basis for its decision. However, N.C.G.S. Sec. 115C-44(b) provides:

> In all actions brought in any court against a local board of education, the order or action of the board shall be presumed to be correct and the burden of proof shall be on the complaining party to show the contrary.

This statute clearly places the burden of proof on plaintiffs here to establish that the actions of the Board were arbitrary or capricious. *See also* Winn, *Teacher Nonrenewal in North Carolina*, 14 Wake Forest L. Rev. 739, 762 (1978) (noting that apparent intent of N.C.G.S. Sec. 115C-325(m)(2) is to place the burden of proof on teacher to prove Board's violation of the statute).

Plaintiffs argue that this Court's holding in *Abell I* required the Board to bear the burden of proof to establish a rational reason for its refusal to renew their contracts. However, *Abell I* held only that in order to prevail on a summary judgment motion, "the Board, as movant, bore the burden of establishing a rational reason for its action." *Abell I*, 71 N.C. App. at 54, 321 S.E. 2d at 507. As the record in *Abell I* disclosed conflicts between what plaintiffs were told and what school administrators stated in their affidavits, and because the reasons advanced by the administrators were too "vague and conclusory," the Court held that summary judgment was improperly granted for the Board and reversed the trial court. *Id.* The Court in *Abell I* did require that

the "administrative record, be it the personnel file, board minutes or recommendation memoranda," disclose the basis of the Board's actions in nonrenewing the contracts. *Id.* at 53, 321 S.E. 2d at 506-07. However, that requirement of record keeping does not shift the burden of proof at trial which remains on the party challenging the nonrenewal. The burden of proof includes not only the burden of going forward with the evidence, but also the burden of persuasion. *See* 2 H. Brandis, *Brandis on North Carolina Evidence* Sec. 201 at 133 (1982).

Therefore, in order to establish a *prima facie* case, plaintiffs must produce sufficient evidence to support a finding that the actions of the Nash County Board of Education were "arbitrary or capricious." After a review of the record, we hold the evidence produced by plaintiffs is not sufficient to support a finding that the nonrenewals were "arbitrary or capricious" and instead, establishes a rational basis for the nonrenewals.

Whether the action of the school board in not renewing the contracts of the plaintiffs was "arbitrary or capricious" is a mixed question of law and fact. The jury determines the factual issues involved and the judge applies these findings to determine whether the nonrenewals were arbitrary or capricious as a matter of law.

The discretion of Boards regarding the status of probationary teachers remains very broad, but a nonrenewal decision must have *some* non-arbitrary basis in order to comply with N.C.G.S. Sec. 115C-325(m)(2). *Abell I*, 71 N.C. App. at 52, 321 S.E. 2d at 506. Both plaintiffs contend that the primary reason they were nonrenewed was because of coaching changes at the school. Accepting plaintiffs' argument that a coaching change was the primary reason for their nonrenewals, it is a question of law for the court to determine if this reason was arbitrary or capricious. *Cf. Singleton v. Stewart*, 280 N.C. 460, 469, 186 S.E. 2d 400, 406 (1972) (in reviewing defendant housing commission's decision to purchase property for low-rent public housing, where easement across property was admitted which might have prevented this use, it was for the court to determine whether the commission's purchase was an arbitrary and capricious act).

Subject to State Board of Education rules and regulations, the local board of education is required to make "all rules and

Abell v. Nash County Bd. of Education

regulations necessary for the conducting of extracurricular activities in the schools under their supervision, including a program of athletics . . . ." N.C.G.S. Sec. 115C-47(4). Given the broad legislative grant of authority over the status of probationary teachers and the legislative grant to local Boards requiring them to promulgate rules and regulations for interscholastic athletics, we hold a Board may properly consider coaching changes as a basis for determining whether to renew a probationary teacher's contract when the teacher also serves as a coach.

The evidence at trial tended to show both plaintiffs were originally hired based on their coaching ability. Both testified they were interviewed first by the former head football coach before they contacted the school administration about the teaching positions. Both plaintiffs had previous experience in coaching, but neither had any experience in teaching math. Neither plaintiff was certified as a math teacher. Both plaintiffs were specifically advised by the new principal that their renewal depended on their ability to "sell" themselves to the new head football coach. The Board's refusal to renew plaintiffs' contracts assured the new head coach of some flexibility in developing his own coaching staff and football program.

[2] Therefore, we hold the Board's action in nonrenewing plaintiffs' contracts based on coaching changes was not arbitrary or capricious. The action was consistent with the Board's duty and responsibility to oversee extracurricular activities, including the personnel involved in coaching interscholastic sports. *See Lee v. Ozark City Bd. of Education*, 517 F. Supp. 686, 689-90 (M.D. Ala. 1981) (Board's nonrenewal of probationary teacher who served as assistant coach in order to give new head coach flexibility in choosing his staff rebutted teacher's claim of discrimination); *Lamar School District No. 39 v. Kinder*, 278 Ark. 1, 642 S.W. 2d 885 (1982) (Board nonrenewal of teaching contracts for reasons related to coaching effectiveness was not arbitrary and capricious).

## II

Because we find the action of the Board was not arbitrary or capricious, it is unnecessary to address the additional evidentiary assignments of error raised by the plaintiff-appellants. The order

of the trial court granting the directed verdict was correct and that action is

Affirmed.

Judges PHILLIPS and COZORT concur.