SUSAN DALE SPRY, PLAINTIFF v. WINSTON-SALEM/FORSYTH COUNTY BOARD OF EDUCATION, DEFENDANT

No. 9021SC1247

(Filed 4 February 1992)

1. **Schools § 13.1 (NCI3d) — probationary teacher — failure to renew contract — no right to appeal — right to sue**

   A probationary teacher had no statutory right to appeal a board of education's decision not to renew her contract but could sue in the appropriate court for alleged violations of N.C.G.S. § 115C-325(m)(2).

   **Am Jur 2d, Schools § 161.**

2. **Schools § 13.1 (NCI3d) — probationary teacher — failure to renew contract — action not for arbitrary, capricious or personal reasons**

   Plaintiff probationary teacher's evidence was insufficient to support a jury finding that defendant board of education failed to renew her contract for arbitrary, capricious or personal reasons in violation of N.C.G.S. § 115C-325(m)(2) where she presented evidence relating to ill will and malice by members of her support team who had informed her that her perform-

ance was unacceptable; board of education members testified that they based their decision on the information presented at the hearing by the school superintendent and the plaintiff; the board properly inquired into the reasons its agents, the principal and superintendent, recommended that plaintiff's contract not be renewed; and an investigation by an assistant superintendent removed any taint that may have existed in the support team's evaluation of plaintiff.

**Am Jur 2d, Schools § 161.**

Judge JOHNSON dissenting.

APPEAL by defendant from judgment entered 7 March 1990 by *Judge James J. Booker* in FORSYTH County Superior Court. Heard in the Court of Appeals 27 August 1991.

The Winston-Salem/Forsyth County Board of Education hired plaintiff as a probationary teacher on 14 August 1987 and assigned her to teach cooperative occupational training and mathematics at North Forsyth High School (North Forsyth). Because plaintiff was a first-year teacher, the Board assigned to plaintiff a support team consisting of Benjamin Warren, the principal of North Forsyth; Elizabeth Lucas, a fellow teacher at North Forsyth; and Patricia Schreiber, the vocational director for the school system. Mr. Warren later assigned Judy Cowden, an assistant principal at North Forsyth, to take his place on the support team. The Board assigned Ms. Lucas to be plaintiff's mentor.

During the 1987-88 school year the support team worked with plaintiff and evaluated her teaching performance. The team met with plaintiff on several occasions and informed her that her performance was unacceptable. On 4 December 1987 plaintiff complained to the principal at North Forsyth that she had personality conflicts with Judy Cowden and the other members of her support team. Plaintiff said that Ms. Cowden was rude to her throughout the year and refused to speak to her. Plaintiff asked Mr. Warren to observe her teaching.

In March 1988 Mr. Warren visited plaintiff's class after plaintiff contacted the Forsyth County Association of Classroom Teachers. After Mr. Warren's visit plaintiff learned that Mr. Warren was scheduled to have surgery and might be out of work for the rest of the year. She wrote him a letter dated 20 March 1988 outlin-

ing her concerns and asking him to appoint a new support team for her. She said that Ms. Lucas, her mentor, had refused to give her a computer that was bought specifically for her students and had intentionally hidden a printer that plaintiff was supposed to have received at the beginning of the school year. Plaintiff also outlined her disagreements with the conclusions of the teachers who had evaluated her teaching performance. Mr. Warren did not respond to plaintiff's letter; however, he did visit her class again. On 15 April 1988, Mr. Warren, through Ms. Cowden, recommended that the Board not renew plaintiff's contract. Because plaintiff disagreed with the recommendation, the superintendent's office conducted an investigation. Based on the result of the investigation, the superintendent recommended that the Board not renew plaintiff's contract. After a hearing at its 16 May 1988 meeting the Board unanimously voted in public session not to renew plaintiff's contract.

Plaintiff filed an action against the defendant Winston-Salem/Forsyth County Board of Education alleging that the Board should have renewed her contract for employment as a probationary teacher for a second year. The jury found that the Board failed to renew plaintiff's contract for arbitrary, capricious, or personal reasons and awarded plaintiff $304,910 in actual damages and $150,000 in punitive damages. Defendant appeals.

*Kennedy, Kennedy, Kennedy & Kennedy, by Harvey L. Kennedy, Harold L. Kennedy, III, and Annie Brown Kennedy, for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice, by Anthony H. Brett, for defendant-appellant.*

*Tharrington, Smith & Hargrove, by George T. Rogister, Jr., Allison B. Schafer, Ann L. Majestic and Jonathan A. Blumberg, for North Carolina School Boards Association, amicus curiae.*

EAGLES, Judge.

In this appeal defendant contends that the trial court erred by (1) denying the Board's motions for summary judgment, directed verdict, and judgment notwithstanding the verdict; (2) instructing the jury regarding the standard for establishing a violation of G.S. 115C-325(m)(2); (3) admitting evidence and instructing the jury concerning actual damages for mental, emotional, and physical harm

resulting from the nonrenewal of plaintiff's contract; (4) admitting evidence and instructing the jury concerning damages to plaintiff's reputation; (5) admitting evidence concerning the school system's financial worth and instructing the jury that it could award punitive damages; (6) admitting testimony concerning plaintiff addressing the Board at a public rather than executive session; (7) admitting irrelevant prejudicial evidence; and (8) denying the Board's motion for a mistrial based on improper closing arguments made by plaintiff's counsel. We hold that defendant was entitled to a directed verdict and reverse the judgment of the trial court.

In 1981 the General Assembly enacted G.S. 115C-305 which provides:

> Appeals to the local board of education or to the superior court shall lie from the decisions of all school personnel, including decisions affecting character or the right to teach, as provided in G.S. 115C-45(c).

This Court has said that the General Assembly's decision to enact this section "indicates an intention to extend the right of appeal in public school personnel decisions far beyond the confines of the former law." *Warren v. Buncombe County Board of Education*, 80 N.C. App. 656, 658, 343 S.E.2d 225, 226 (1986).

Here, plaintiff initially brought a petition for review of the Board's decision under G.S. 115C-45(c) and 115C-305. Plaintiff then filed an amended complaint seeking a jury trial. "In North Carolina, our courts have held that *when the Legislature has provided an effective administrative remedy by statute, then that remedy is exclusive.* In addition, our courts have held that not only is the administrative remedy exclusive but also a party must pursue it and exhaust it before resorting to the courts." *Church v. Madison County Board of Education*, 31 N.C. App. 641, 645, 230 S.E.2d 769, 771 (1976) (citations omitted) (emphasis added), *disc. review denied and appeal dismissed*, 292 N.C. 264, 233 S.E.2d 391 (1977). But for other recent decisions of this Court, plaintiff would have a right to appeal the Board's decision to the Superior Court under G.S. 115C-305 and that remedy would be the exclusive procedural avenue for determining whether the Board's decision was for arbitrary, capricious, political, or personal reasons. As the Supreme Court has noted, the whole record test set out in G.S. 150B-51 applies to appeals from decisions of city or county boards of education. *Overton v. Goldsboro City Board of Education*, 304 N.C. 312,

317, 283 S.E.2d 495, 498 (1981). While review under G.S. 115C-305 would constitute the exclusive remedy for determining whether the Board's decision violated G.S. 115C-325(m)(2), nothing would preclude plaintiff from bringing other claims, for example under 42 U.S.C. 1983, based on the same conduct. *See Crump v. Board of Education*, 93 N.C. App. 168, 378 S.E.2d 32, *review on additional issues denied*, 324 N.C. 543, 380 S.E.2d 770 (1989), *decision affirmed as modified*, 326 N.C. 603, 392 S.E.2d 579 (1990).

[1] However, in prior cases concerning the nonrenewal of probationary teachers' contracts, this Court said that "[n]o statutory right of appeal exists. G.S. 115C-325(n). Probationary teachers who contend non-renewal was for a prohibited reason therefore must sue in the appropriate court. *Sigmon v. Poe*, 528 F.2d 311 (4th Cir. 1975) (per curiam)." *Abell v. Nash County Board of Education*, 71 N.C. App. 48, 49, 321 S.E.2d 502, 504 (1984), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 389 (1985). In addition, by entertaining appeals involving questions of summary judgment and directed verdict, this Court has implied that a teacher has a right to a trial on the question of whether the Board's actions were in violation of G.S. 115C-325(m)(2). *Abell v. Nash County Board of Education*, 71 N.C. App. 48, 321 S.E.2d 502 (1984), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 389 (1985) and *Abell v. Nash County Board of Education*, 89 N.C. App. 262, 365 S.E.2d 706 (1988). The Supreme Court has said: "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Accordingly, we are bound by the prior decisions of this Court which hold that no statutory right to appeal exists and that a probationary teacher can sue for alleged violations of G.S. 115C-325(m)(2).

[2] Having prefaced our decision with these comments, we hold that on this record the trial court erred in denying defendant's motions for a directed verdict and judgment notwithstanding the verdict.

"A motion for a directed verdict raises the question as to whether there is sufficient evidence to go to the jury. . . . The plaintiff's evidence must be taken as true and be considered in the light most favorable to him and a directed verdict may be granted only if, as a matter of law, the evidence is insufficient

to justify a verdict for the plaintiff." W. Shuford, N.C. Civil Practice and Procedure § 50-5 (1988). Here, the evidence was insufficient as a matter of law to support a verdict in plaintiff's favor.

Plaintiff alleges that the Board failed to renew her contract in violation of G.S. 115C-325(m)(2) which provides as follows:

> The board, upon recommendation of the superintendent, may refuse to renew the contract of any probationary teacher or to reemploy any teacher who is not under contract .for any cause it deems sufficient: Provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons.

This Court has said that G.S. 115C-325(m)(2) imposes "a duty on boards of education to determine the substantive bases for recommendations of non-renewal and to assure that non-renewal is not for a prohibited reason." *Abell v. Nash County Board of Education*, 71 N.C. App. 48, 52, 321 S.E.2d 502, 506 (1984), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 389 (1985).

Plaintiff contends that the Board's decision not to renew her contract was for arbitrary, capricious or personal reasons. At trial she presented evidence relating to "ill-will, spite and malice from the members of her support team." However, even taking this evidence as true, as a matter of law plaintiff failed to establish that the Board's decision not to renew her teaching contract was arbitrary, capricious, discriminatory, or for personal or political reasons.

Plaintiff testified at trial that she did not know any of the Board members before they considered her contract on 16 May 1988 and had no reason to believe that any of the members were biased against her. In making its decision, the Board considered a packet of information composed of: (1) a memo from the school superintendent recommending that the Board not renew plaintiff's contract; (2) the superintendent's exhibits which included materials prepared by plaintiff's principal and support team; and (3) plaintiff's exhibits, which included letters of recommendation, her letter to Principal Benjamin Warren outlining her concerns about her support team, and several evaluation forms. At the hearing, the Board also heard plaintiff, her attorney, and a local teachers' organization representative speak on plaintiff's behalf before it made its decision. The Board members testified that they based their decision

on the information presented at the hearing by the superintendent and the plaintiff.

Plaintiff correctly asserts that

> [b]y statute and under traditional common-law principles ·. . . the superintendent and principal are agents of the board. The board cannot escape responsibility for its actions, based on the recommendations of its agents, by simply refusing to inquire into their agents' reasons. The board, if it acts on recommendations made on improper grounds, must accept responsibility therefor. This does not mean that the board must make exhaustive inquiries or formal findings of fact, only that the administrative record, be it the personnel file, board minutes or recommendation memoranda, should disclose the basis for the board's action.

*Abell v. Nash County Board of Education*, 71 N.C. App. 48, 53, 321 S.E.2d 502, 506-07 (1984), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 389 (1985). Even assuming plaintiff's allegations regarding the support team are true, this is not a case where the Board failed to inquire into the reasons of its agents. The assistant superintendent, who had interviewed all of the school personnel who had evaluated plaintiff's teaching, addressed the Board members and answered their questions regarding the investigation. The Board also heard from the plaintiff, her attorney, and a member of a teacher's organization who spoke on plaintiff's behalf. The Board had the opportunity to resolve any conflicts in the evidence. We think that this level of inquiry was sufficient to meet the requirements of *Abell* and G.S. 115C-325(m)(2).

Additionally, the inquiry by the superintendent's office was sufficient to remove any taint that may have existed in the support team's evaluation. In her brief plaintiff contends that the superintendent's office "covered up the misconduct" of the support team. However, there is absolutely no evidence to support this contention. Plaintiff alleges that the assistant superintendent who conducted the investigation was "good friends" with two members of the support team, Schreiber and Cowden, but there is no indication that evidence to support this characterization appears in the record. Plaintiff also alleges that the assistant superintendent was biased because she "talked to all of the Defendant's witnesses" and "none of Plaintiff's witnesses." The record indicates that the assistant superintendent met with plaintiff, her attorney, and the classroom

teacher's representative and discussed plaintiff's allegations regarding the support team. The assistant superintendent then interviewed all of the members of the support team, the principal at North Forsyth, and the program specialist in vocational education who observed plaintiff's teaching. Plaintiff gave the assistant superintendent a list of her students and employers involved in the occupational training program to interview as part of the investigation. The assistant superintendent declined to interview these people "[b]ecause the issue was [plaintiff's] classroom teaching as observed by professionals" and the opinions of these employers and students were not "germane." We agree that the opinions of these witnesses were irrelevant and fail to see how the assistant superintendent's actions constitute a "cover up" or show bias on the part of the superintendent.

Accordingly, the judgment of the trial court is reversed.

Reversed.

Judge PARKER concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent because I believe that plaintiff's evidence is sufficient as a matter of law to go to the jury and to support its verdict on the issue of whether the Board violated G.S. § 15C-325(m)(2) in refusing to renew her contract. The record indicates that following the public meeting of the school board, during which all parties were present and allowed to speak, the board met in executive session. Plaintiff and her attorney were excluded from this executive session, but Dr. Epstein, the assistant superintendent and the individual who conducted the investigation of plaintiff's complaints and recommended non-renewal, was present. She answered board members' further questions concerning the investigation, the circumstances surrounding the hiring of plaintiff and other matters relating to the case, all outside the presence of plaintiff and her attorney. I believe this is fundamentally unfair and is evidence of arbitrary and capricious behavior on the part of the school board. I vote to affirm the trial court's denial of defendant's motion for directed verdict and judgment notwithstanding the verdict.

**OCEAN HILL JOINT VENTURE v. N.C. DEPT. OF E.H.N.R.**

[105 N.C. App. 277 (1992)]

Notwithstanding the above, and recognizing that the question of damages is not before us given the majority decision, I would vote to reverse and remand on the issue of damages.