**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-2060**
_____

WALTER LEE WHITAKER,

Plaintiff - Appellant,

v.

NASH-ROCKY MOUNT BOARD OF EDUCATION, d/b/a Nash-Rocky Mount
Public Schools; RICHARD A. MCMAHON, Superintendent; CARINA
BRYANT, Southern Nash Middle School Principal,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:11-cv-00246-BO)

_____

Submitted:  March 23, 2012               Decided:  April 6, 2012

_____

Before DAVIS, WYNN, and DIAZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Walter Lee Whitaker, Appellant Pro Se.   Lewis Wardlaw Lamar,
Jr., THE VALENTINE LAW FIRM, Nashville, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Lee Whitaker appeals the district court's order granting the defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss his complaint raising claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e to 2000e-17 (West 2003 & Supp. 2011) ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213 (2006) ("ADA"). Whitaker challenges the district court's determination that his claims are barred by res judicata. At issue is whether Whitaker's current claims are the same, for purposes of res judicata, as those raised in his previous appeal, pursuant to N.C. Gen. Stat. § 115C-325(n) (2011), to the North Carolina superior court seeking review of the Nash-Rocky Mount Board of Education's ("Board") decision not to renew Whitaker's contract for employment as a probationary public school teacher.

We review de novo a district court's Rule 12(b)(6) dismissal, Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), and are bound under 28 U.S.C. § 1738 (2006) to apply the law of the rendering state to determine the extent to which a state court judgment should have preclusive effect in a federal action. See Davenport v. North Carolina Dep't of Transp., 3 F.3d 89, 92-93 (4th Cir. 1993). In North Carolina, the doctrine of res judicata will bar a claim when there is (1) a final judgment on the merits in an earlier suit, (2) both cases

2

involve the same cause of action, and (3) the new claim involves the same parties as the earlier suit, or their privies. State ex rel. Tucker v. Frinzi, 474 S.E.2d 127, 128 (N.C. 1996).

As we previously discussed in Davenport, North Carolina utilizes a modified form of the transactional approach to determine whether claims are the same for res judicata purposes. See Davenport, 3 F.3d at 93-97. Pursuant to this approach, North Carolina tempers the broad claim preclusive effect of a pure transactional methodology with case-specific considerations based on prudential and equitable concerns. See id.; Country Club of Johnson County, Inc. v. United States Fid. & Guar. Co., 563 S.E.2d 269, 275 (N.C. Ct. App. 2002); Northwestern Fin. Group v. County of Gaston, 430 S.E.2d 689, 694 (N.C. Ct. App. 1993).

In keeping with this approach, North Carolina courts are reluctant to apply the bar of res judicata where the claim in question could not have been raised or fully adjudicated in the initial proceeding. See Davenport, 3 F.3d at 93-97; Country Club of Johnson County, 563 S.E.2d at 275; Spry v. Winston-Salem/Forsyth County Bd. of Educ., 412 S.E.2d 687, 689 (N.C. Ct. App. 1992). Accordingly, under North Carolina law, res judicata will not bar successive suits or claims, even when based on the same predicate facts, where the complaining party has not had an opportunity to litigate, in a single judicial proceeding, all

3

claims arising from the transaction or events at issue. <u>See</u> <u>Davenport</u>, 3 F.3d at 96-97.

Here, we conclude that, based on the limited nature of the judicial proceeding afforded Whitaker under § 115C-325(n), North Carolina would not consider the claims raised in Whitaker's previous appeal and those asserted in his instant suit to be the same for purposes of res judicata. First, under North Carolina law then in force, Whitaker had no right to a hearing, discovery, or an opportunity to present evidence prior to the Board's decision not to renew his contract. <u>Moore v. Charlotte-Mecklenburg Bd. of Educ.</u>, 649 S.E.2d 410, 415-18 (N.C. Ct. App. 2007).

Further, under § 115C-325(n), the appeal to the superior court was limited to the evidence before the school board[*] and whether the school board's actions violated North Carolina law. <u>Id.</u> at 416-19. Accordingly, even if Whitaker could have raised his current federal law claims before the superior court, he would have done so without a right to discovery, the ability to present relevant evidence, or the

---

[*] On motion, Whitaker was allowed to supplement the record before the superior court with additional documents. As the superior court's opinion indicates, however, this supplementation was not as of right, and was allowed based on the court's finding of just cause and a lack of opposition from the Board.

4

privilege of having his case heard by a jury.  Moreover, due to the procedural incongruities of adjudicating the appeal of a state agency's administrative decision alongside newly raised federal law claims, it is unlikely that the superior court would or could have allowed Whitaker to join new, federal claims with his appeal under § 115C-325(n).  Davenport, 3 F.3d at 97 n.8. Therefore, because Whitaker could not have effectively raised or fully adjudicated his current claims during his previous challenge to the non-renewal of his contract, we find that, under North Carolina law, they are not barred by res judicata. See Davenport, 3 F.3d at 96-97.

Accordingly, we vacate the district court's order dismissing Whitaker's complaint and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED