EDDIE B. CLINTON v. WAKE COUNTY BOARD OF EDUCATION

No. 9110SC1107

(Filed 19 January 1993)

1. **Appeal and Error § 167 (NCI4th)— ruling that statute did not give plaintiff enforceable rights—no advisory opinion sought by appeal**

Plaintiff's request for review of the present case by the Court of Appeals did not constitute a request for an advisory opinion, since the trial court ruled that N.C.G.S. § 115C-326 created no enforceable rights in plaintiff; if plaintiff was in fact granted enforceable rights under that section, the trial court's ruling deprived him of a substantial right; and the issue involved in this appeal thus involved an actual controversy which affected plaintiff's rights.

**Am Jur 2d, Appeal and Error §§ 761-763.**

2. **Appeal and Error § 118 (NCI4th)— assignments of error based on denial of summary judgment—no consideration on appeal**

Those assignments of error alleged by plaintiff which are based on a denial of summary judgment, or which contend that because of the denial of summary judgment a directed verdict was improper, will not be reviewed by the court on appeal.

**Am Jur 2d, Summary Judgment § 40.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

3. **Schools § 13.1 (NCI3d)— failure of school board to follow proper evaluation procedures for principal—no independent right of action under N.C.G.S. § 115C-326**

Plaintiff school principal had no independent right of action under N.C.G.S. § 115C-326 for failure of defendant school board to evaluate him as required by its rules and regulations; rather, failure of the school board to comply with evaluation procedures established under N.C.G.S. § 115C-326 could be submitted as evidence in an action brought by a claimant pursuant to N.C.G.S. § 115C-325 to establish that his dismissal was arbitrary or capricious, a claim which plaintiff abandoned

CLINTON v. WAKE COUNTY BD. OF EDUCATION

[108 N.C. App. 616 (1993)]

when the trial court directed verdict in favor of defendant and plaintiff did not assign error to the order.

**Am Jur 2d, Appeal and Error § 545; Schools § 161.**

Appeal by plaintiff from order entered 26 June 1991 by Judge Anthony M. Brannon in Wake County Superior Court and from an order entered 13 June 1991, and judgment entered 27 June 1991 by Judge Coy E. Brewer, Jr. in Wake County Superior Court. Heard in the Court of Appeals 21 October 1992.

*Edelstein and Payne, by M. Travis Payne, for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Thomas A. Farr and Frank J. Gordon, for defendant-appellee.*

WYNN, Judge.

On 22 May 1989, the Wake County Board of Education (hereinafter "the Board") voted unanimously not to grant tenure or "career" status as a principal, to the plaintiff, Eddie B. Clinton. This decision came as plaintiff was completing his third year as a probationary principal at Vandora Springs Elementary School in Garner, North Carolina. The Board's decision was based upon the recommendation of its superintendent, Dr. Robert Bridges, as well as the unanimous recommendation of the superintendent's administrative cabinet.

Plaintiff's employment history with the Wake County School System is as follows: From 1972 until 1977, plaintiff was a teacher at Leroy Martin Junior High School. Plaintiff resigned from this position in 1977 because of circumstances related to a conviction for embezzlement while performing a part-time job. In 1979, plaintiff returned to employment with the school system as a teacher at Central Wake Optional School. He was subsequently promoted to the position of transportation supervisor at Ligon Middle School and then to assistant principal at North Garner Junior High. In 1986, plaintiff was appointed to serve as a "probationary principal" of Vandora Springs Elementary School, based upon a recommendation by Dr. Bridges.

Dr. Thomasine Hardy, an assistant superintendent with the Wake County schools, was assigned to serve as plaintiff's "designated evaluator." During plaintiff's first year, Dr. Hardy provided him with three written evaluation forms: a "mid year" Principals Per-

formance Based Appraisal Instrument ("PPAI"), a year-end PPAI and a year-end "Team Visitation Summary Report." These written forms completed by Dr. Hardy were a part of the Wake County Principal's Performance Based Evaluation Guide (hereinafter "Evaluation Guide"), which was a personnel manual for principals scheduled for implementation in the 1986-1987 school year. Dr. Hardy testified that notwithstanding her belief that the plaintiff was "struggling" in that first year, she gave plaintiff positive feedback in her written evaluations as a source of encouragement.

Toward the end of his first year, plaintiff conducted a personal survey of his teachers and staff, inviting anonymous criticism by them of his job performance. The survey results reflected a great deal of criticism and dissatisfaction by staff members and teachers with plaintiff's performance. In addition, Dr. Hardy made plaintiff aware of complaints by his staff concerning his leadership, absences from campus, failure to keep scheduled appointments and poor staff morale.

Dr. Hardy continued as plaintiff's evaluator during his second year as a probationary principal (1987-1988). In a letter dated 25 September 1987, Dr. Hardy warned plaintiff that he had violated a school policy by initiating a student fundraiser and cautioned that she remained concerned about his absences from campus, his failure to keep scheduled appointments and his relationship with his staff. She further warned that "the manner in which you respond in each of these areas and others will have a significant impact upon how you are able to function as a principal and, could jeopardize the likelihood of your becoming a tenured principal in this school system." During the course of plaintiff's second year, Dr. Hardy visited Vandora Springs "a couple" of times. On each occasion Dr. Hardy met with plaintiff to discuss complaints and criticisms she had heard from his staff. In May of 1988, Dr. Hardy, Assistant Superintendent Ann Denlinger, and Wake County Principal John Mallette conducted a two-day team visit at Vandora Springs Elementary. During this visit, the team members criticized plaintiff for his failure to prepare teacher observation reports in a timely fashion, for failing to educate his staff regarding the budget process and for poor relations and communications with his staff. At no time during the 1987-1988 school year did plaintiff receive a written PPAI evaluation form.

Early in the 1988-1989 school year, plaintiff's third year as a probationary principal, Dr. Hardy resigned from her position with the school system. Assistant Superintendent Ann Denlinger was assigned to replace Dr. Hardy as plaintiff's designated evaluator. Ms. Denlinger visited Vandora Springs for an evaluation and met with plaintiff in November of 1988 to discuss the evaluation process for his performance. She subsequently sent plaintiff a copy of the report she had submitted to the superintendent regarding that visit. This report indicated that plaintiff's performance needed improvement in the areas of care of the physical plant, completion of classroom observation reports, and knowledge of the instructional program.

In January of 1989, Ms. Denlinger visited Vandora Springs to conduct a mid-year evaluation of plaintiff's performance. She subsequently completed a "Report to the Superintendent" and a PPAI and provided copies of both to the plaintiff. Both reports contained criticisms regarding low staff morale, lack of leadership, lack of knowledge regarding elementary education, lack of oral and written communication with staff, insufficient feedback to staff and lack of knowledge by staff regarding the budget process. In April of 1989, Ms. Denlinger and two other evaluators conducted a team visit at Vandora Springs. Plaintiff was subsequently provided a written copy of the "Team Visitation Summary Report" and a written year-end PPAI.

The procedures for a probationary principal applying for career status at the end of a three year probationary period, require the principal to submit a "portfolio" of certain documents and items in support of the application. Plaintiff submitted his portfolio in April of 1989 and his interview by the superintendent's cabinet was conducted on 20 April 1989. Following this interview, the cabinet unanimously recommended that plaintiff not be given career status. Consistent with the views of his cabinet, Superintendent Bridges recommended to the Board that plaintiff be denied career status. On 22 May 1989 the Wake County Board of Education unanimously voted to accept the recommendation of the superintendent and his staff, denying plaintiff career status as a principal.

Plaintiff thereafter brought an action based on the failure of the Board to evaluate his performance during his second probationary year. Plaintiff's complaint alleged: 1) breach of contract; 2) breach of an alleged statutory right under N.C.G.S. § 115C-326

to be evaluated; 3) breach of state and federal constitutional due process rights; and 4) breach of a statutory right to be free from arbitrary and capricious personnel action by the school board under N.C.G.S. § 115C-325(m)(2). Plaintiff moved for summary judgment on all of his claims except the § 115C-325(m)(2) claim. Defendant moved for summary judgment on all of plaintiff's claims. All motions for summary judgment were denied by Judge Brannon and the case proceeded to trial before Judge Brewer. After the plaintiff presented his evidence, Judge Brewer directed a verdict in favor of defendant on all claims except the breach of contract claim. The jury subsequently returned a verdict in favor of the defendant, finding that defendant did breach its employment contract with the plaintiff by failing to perform the proper evaluations, but, that the breach was not the cause of plaintiff's failure to achieve career status and the resulting termination of his employment as a principal. Plaintiff appealed.

---

Plaintiff brings three assignments of error forward on appeal: 1) Judge Brannon erred in denying plaintiff's motions for summary judgment on his claims under N.C.G.S. § 115C-326 and the state and federal constitutions; 2) Judge Brewer erred in granting defendant's motion for a directed verdict on those same claims at the close of plaintiff's evidence; and 3) Judge Brewer erred in finding as a matter of law that N.C.G.S. § 115C-326 creates no enforceable rights in the plaintiff. Plaintiff does not appeal the jury's verdict nor the court's entry of a directed verdict in favor of defendant on his. claim under N.C.G.S. § 115C-325(m)(2).

I.

[1] We begin by addressing the defendant Board's contention that this appeal by plaintiff should be dismissed because it seeks an advisory opinion regarding the meaning of N.C.G.S. § 115C-326.

It is clearly not the function of appellate courts to issue opinions on abstract or theoretical questions. *Kirkman v. Wilson*, 328 N.C. 309, 312, 401 S.E.2d 359, 361, *reh'g denied*, 328 N.C. 735, 404 S.E.2d 870 (1991). Rather, appellate courts are limited to deciding "actual controversies injuriously affecting the rights of some party to the litigation." *Id.* For the reasons stated below, we hold that the plaintiff's request for review of the present case by this Court does not constitute a request for an advisory opinion.

CLINTON v. WAKE COUNTY BD. OF EDUCATION

[108 N.C. App. 616 (1993)]

Plaintiff's complaint presented four theories of recovery as outlined above, based on the alleged lack of evaluations during his second probationary year. The defendant was granted a directed verdict on all of these claims except the breach of contract claim which went to the jury. In conjunction with granting the directed verdicts, the trial judge specifically concluded "as a matter of law that [N.C.G.S. § 115C-326] does not create any justiciable right inuring to the benefit of the plaintiff in the context of any employment dispute with the defendant."

Plaintiff's appeal assigns error to this characterization of Section 115C-326. If the plaintiff is, in fact, granted enforceable rights under that section, the trial court's ruling has deprived him of a substantial right. If this Court chooses to reverse the trial court, the plaintiff will be permitted to return to the trial court and seek damages for that violation. It follows that our review of the trial court's ruling regarding N.C.G.S. § 115C-326 does not constitute an advisory opinion because the issue involves an actual controversy which has affected the plaintiff's rights.

II.

[2] By plaintiff's first two assignments of error, he contends that Judge Brannon erred by denying his motion for summary judgment as to his constitutional claims and his claim under N.C.G.S. § 115C-326 and, that because Judge Brannon so ruled, it was error for Judge Brewer to subsequently direct verdicts in favor of the defendant on the same claims. The defendant, in response, contends that a denial of summary judgment is not reviewable on appeal, and therefore, to the extent that the plaintiff's appeal is based on the denial of summary judgment it should be dismissed. We agree with the defendant's assertion.

"[T]he denial of a motion for summary judgment is not reviewable during appeal from a final judgment rendered in trial on the merits." *Harris v. Walden*, 314 N.C. 284, 286, 333 S.E.2d 254, 256 (1985). Moreover, a pretrial order denying summary judgment has no effect on a later order granting or denying a directed verdict on the same issue or issues. *See Edwards v. Northwestern Bank*, 53 N.C. App. 492, 495, 281 S.E.2d 86, 88, *disc. rev. denied*, 304 N.C. 389, 285 S.E.2d 831 (1981). Therefore, those assignments of error alleged by the plaintiff in this case, which are based on a denial of summary judgment, or that contend that because of

the denial of summary judgment a directed verdict was improper, will not be reviewed by this Court.

### III.

[3]   Having concluded that plaintiff's arguments based on the denial of summary judgment must be dismissed, the only issue remaining on appeal is whether the trial court erred when it concluded as a matter of law that N.C.G.S. § 115C-326 creates no rights enforceable by the plaintiff and granted the defendant's motion for a directed verdict.

Section 115C-326(a) provides in pertinent part as follows:

The State Board of Education, in consultation with local boards of education, shall develop uniform performance standards and criteria to be used in evaluating professional public school employees. It shall develop rules and regulations to recommend the use of these standards and criteria in the employee evaluation process. The performance standards and criteria shall be adopted by the Board by July 1, 1982, and may be modified in the discretion of the Board.

*Local boards of education shall adopt rules and regulations by July 1, 1982, to provide for annual evaluation of all professional employees* defined as teachers by G.S. 115C-325(a)(6). Local boards may also adopt rules and regulations requiring annual evaluation of other school employees not specifically covered in this section; however, the standards and criteria used by local boards are not to be limited by those adopted by the State Board of Education.

N.C. Gen. Stat. § 115C-326(a) (1991). As defined in Section 115C-325(a)(6), "teacher" includes those who "directly supervise teaching." This Court has found "principals" to be included within this definition. *Warren v. Buncombe County Board of Education*, 80 N.C. App. 656, 658, 343 S.E.2d 225, 226 (1986). Thus, plaintiff is clearly covered under any protection Section 115C-326 provides.

Plaintiff contends that Section 115C-326 in combination with the "implementing regulations and policies [established by the Board] create[s] a reasonable expectation and entitlement on [his] behalf to continue in the position of a principal, unless and until he has received the evaluations required by law and has had a reasonable opportunity to correct any deficiencies."

Pursuant to Section 115C-326, the State Board of Education has adopted regulations and established evaluation guidelines requiring local school boards to evaluate professional employees annually. 16 N.C.A.C. Section .0501. The Wake County Board of Education has complied with the State's regulations and guidelines by developing an evaluation process requiring that probationary employees, such as plaintiff, be evaluated twice yearly and provided a written copy of such evaluation.

The evidence presented at trial tended to show that plaintiff was not provided with the required written evaluations during his second year as a probationary principal. Mr. Clinton contends that, because the Board failed to evaluate him on the proper number of occasions during his three year probationary period, they could not dismiss him from his position as principal until such evaluations were completed and he was allowed to respond. We note that a potential underlying issue within plaintiff's contention is, what if any recourse do employees have to ensure that they are being properly evaluated. While we acknowledge that there should be some remedy to ensure compliance with the requirement that employees are properly evaluated, we do not reach that issue today because the present case presents a different issue. That is, even if an employee is entitled to an evaluation, what effect does the absence of that evaluation have on the subsequent dismissal of that employee by the school board?

North Carolina General Statute Section 115C-325(m)(2) provides:

> The board, upon recommendation of the superintendent, may refuse to renew the contract of any probationary teacher or to reemploy any teacher who is not under contract for any cause it deems sufficient: Provided, however, that the cause may not be arbitrary, capricious, discriminatory or for personal or political reasons.

"Any claim of an arbitrary or capricious denial of renewal of a probationary [principal's] contract under the statute gives rise to a right of action [under Section 115C-325]." *Sigmon v. Poe*, 528 F.2d 311, 312 (4th Cir. 1975) (citing *Taylor v. Crisp*, 286 N.C. 488, 212 S.E.2d 381 (1975) ). The plaintiff contends that Section 115C-326(b) grants a right of action independent of any right available under Section 115C-325. Section 115C-326(b) provides:

CLINTON v. WAKE COUNTY BD. OF EDUCATION

[108 N.C. App. 616 (1993)]

If any claim is made or any legal action is instituted against an employee of a local school administrative unit on account of an act done or an omission made in the course of the employee's duties in evaluating employees pursuant to this section, the local board of education, if the employee is held not liable, shall reimburse the employee for reasonable attorney's fees.

This section, however, only contemplates the possibility of a suit against an employee of a school system for acts or omissions made by that employee in evaluating another employee. The defendant did not sue an employee, but rather sued the school board.

While there is no independent right of action against a school board pursuant to Section 115C-326, the failure of the school board to comply with evaluation procedures established under that section, may be submitted as evidence in an action brought by a claimant pursuant to Section 115C-325, to establish that his dismissal was arbitrary or capricious. Plaintiff brought a claim at the trial level alleging Section 115C-325 violations. The trial court directed a verdict in favor of the defendant on that claim. The plaintiff did not assign error to that order and as a result, the trial court's action is not subject to review on this appeal.

We conclude that the plaintiff has no independent right of action under Section 115C-326 and therefore overrule plaintiff's assignment of error and hold that the trial court properly directed a verdict in favor of the defendant.

For the foregoing reasons,

Plaintiff's appeal based on the denial of summary judgment is dismissed.

The directed verdict entered by the trial court against the plaintiff is affirmed.

Judges GREENE and WALKER concur.

Judge WALKER concurred in this opinion prior to 8 January 1993.