NEIL REALTY COMPANY, INC. v. MEDICAL CARE, INC., AND J. KENNETH LEE

No. 928SC811

(Filed 6 July 1993)

**Venue § 5.1 (NCI3d)— declaratory judgment as to option agreement—action affecting title to land—county where property situated proper venue**

The trial court properly granted defendant's motion for change of venue to the county where a nursing home facility was located where plaintiff alleged in its complaint that it entered into an option agreement with defendant, pursuant to which plaintiff was given the opportunity to purchase outright at a discount the note and deed of trust on the facility held by defendant's trustee; upon plaintiff's exercise of the option, legal title to the facility would transfer from the trustee to plaintiff; by seeking a judgment declaring that the option was still in effect and that it could exercise the option, plaintiff was seeking a judgment which would affect title to land located in Guilford County; and pursuant to N.C.G.S. § 1-76 the action had to be tried in Guilford County.

**Am Jur 2d, Venue §§ 10, 63.**

Appeal by plaintiff from order filed 11 June 1992 in Lenoir County Superior Court by Judge James D. Llewellyn. Heard in the Court of Appeals 16 June 1993.

NEIL REALTY CO. v. MEDICAL CARE, INC.

[110 N.C. App. 776 (1993)]

*Ward and Smith, P.A., by John M. Martin, Ryal W. Tayloe, and Andrew H. D. Wilson, for plaintiff-appellant.*

*Becton, Slifkin & Fuller, P.A., by Charles L. Becton and Asa L. Bell, Jr., for defendant-appellees.*

GREENE, Judge.

Plaintiff appeals from an order filed 11 June 1992, granting defendants' motion for change of venue to Guilford County, North Carolina.

Plaintiff Neil Realty Company, Inc. (Neil Realty) instituted this action on 8 April 1992, seeking declaratory relief. In its complaint, Neil Realty alleges that on 26 January 1990, it purchased the assets, including the real property, of the St. James Nursing Center, Inc. (St. James), a nursing home facility located in Greensboro, North Carolina. St. James had previously purchased the real property on which the nursing home is located from defendant Medical Care, Inc. (Medical Care), subject to a promissory note and purchase money deed of trust held by Medical Care's trustee. St. James then defaulted on the note. Pursuant to the purchase agreement between Neil Realty and St. James, Neil Realty assumed the debt owed by St. James to Medical Care. Neil Realty simultaneously entered into an agreement with Medical Care, pursuant to which Neil Realty, at any time from 26 January 1990 until 26 January 1992, would have an option to purchase from Medical Care the note and deed of trust outright at a substantial discount. For every month that Neil Realty did not exercise the option, Neil Realty's monthly payments on the St. James promissory note were to be $7,650.31.

Neil Realty alleges that it attempted to exercise the option prior to the expiration date of 26 January 1992, but did not because of representations made by defendant J. Kenneth Lee, sole shareholder of Medical Care. Medical Care subsequently informed Neil Realty that the option was no longer in effect. Neil Realty filed a complaint in Lenoir County, North Carolina, its principal place of business, seeking a judgment declaring that the option "was extended by valid oral agreement, and that as a result of the extension, [Neil Realty] may exercise" the option. Medical Care filed a motion on 5 May 1992 pursuant to N.C.G.S. § 1-76 to remove the action to Guilford County, North Carolina, on the ground that the action seeks determination of rights or interests in real proper-

ty located there. From an order granting Medical Care's motion, Neil Realty appeals. *See Snow v. Yates*, 99 N.C. App. 317, 319, 392 S.E.2d 767, 768 (1990) (grant of a motion asserting a statutory right to venue, though interlocutory, affects a substantial right and is therefore immediately appealable).

---

The sole issue presented is whether the trial court properly determined that Neil Realty's pursuit of a judgment declaring the option agreement still in effect constitutes an action for the "[r]ecovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest" pursuant to N.C.G.S. § 1-76 and therefore requires that the action be tried in Guilford County.

An action for the "[r]ecovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest," must be tried in the county in which the subject of the action is situated. N.C.G.S. § 1-76(1) (1983). If the county in which an action is commenced is not the proper one, the defendant, before the time of answering expires, may demand in writing that the trial be conducted in the proper county. N.C.G.S. § 1-83 (1983). "In determining whether the judgment sought by plaintiff would affect title to land, the court is limited to considering only the allegations of the complaint." *Pierce v. Associated Rest and Nursing Care, Inc.*, 90 N.C. App. 210, 212, 368 S.E.2d 41, 42 (1988).

North Carolina is considered a title theory state with respect to mortgages, where a mortgagee does not receive a mere lien on mortgaged real property, but receives legal title to the land for security purposes. Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law In North Carolina* § 255, at 302 n.2 (3d ed. 1988) [hereinafter *Hetrick*]; *accord Riddick v. Davis*, 220 N.C. 120, 125, 16 S.E.2d 662, 666 (1941). In North Carolina, deeds of trust are used in most mortgage transactions, whereby a borrower conveys land to a third-party trustee to hold for the mortgagee-lender, subject to the condition that the conveyance shall be void on payment of debt at maturity. *Hetrick* § 257, at 304. Thus, in North Carolina, the trustee holds legal title to the land.

Neil Realty's complaint alleges that it entered into an option agreement with Medical Care, pursuant to which Neil Realty was given the opportunity to purchase outright at a discount the note and deed of trust held by Medical Care's trustee. Upon Neil Realty's

exercise of the option, legal title will transfer from the trustee to Neil Realty. Thus, by seeking a judgment declaring that it may exercise the option, Neil Realty is seeking a judgment which would affect title to land located in Guilford County, and therefore the trial court properly granted Medical Care's motion for change of venue.

Affirmed.

Judges EAGLES and LEWIS concur.