COUNTRYWIDE HOME LOANS, INC., Plaintiff v. JUDY C. REED, TROY D. REED, JUDY C. REED, EXECUTRIX OF THE ESTATE OF MARGARET D. SMITH, AND COUNTRYWIDE TITLE CORPORATION, TRUSTEE, Defendants

No. COA11-769

(Filed 15 May 2012)

**1. Appeal and Error—cross-appeal—failure to file cross-appellant's brief—appeal dismissed**

Plaintiff's cross-appeal in a case arising out of a dispute over real property was dismissed where plaintiff failed to file a cross-appellant's brief.

**2. Real Property—deed of trust—encumbered decedent's property interest—joint tenancy—severed upon filing of deed of trust**

The trial court did not err in a dispute over real property by concluding that there was no genuine issue as to any material fact and that plaintiff was entitled to a judgment as a matter of law on the issue of whether a deed of trust in this case encumbered decedent's one-half interest in the property as a tenant in common. The trial court did err by concluding that decedent's interest in the property vested in Troy D. Reed and wife Judy C. Reed pursuant to the right of survivorship and that defendants owned the real property in fee simple absolute, subject to plaintiff's deed of trust. The joint tenancy was severed upon the filing of the deed of trust and decedent's interest in the property converted to a tenancy in common, which has no right of survivorship.

Appeal by defendants from order entered 25 March 2011 by Judge Dale Graham in Iredell County District Court. Heard in the Court of Appeals 1 December 2011.

*Travis E. Collum, Attorney at Law, P.A., by Travis E. Collum and Stacy L. Williams, for defendants.*

*Eisele, Ashburn, Greene & Chapman, P.A., by John D. Greene, for plaintiff.*

THIGPEN, Judge.

Troy and Judy Reed ("Defendants") and Countrywide Home Loans, Inc., ("Plaintiff") appeal the trial court's order granting

COUNTRYWIDE HOME LOANS, INC. v. REED

[220 N.C. App. 504 (2012)]

Plaintiff's motion for summary judgment, in part, and denying Defendants' motion for summary judgment. After careful review, we conclude that Plaintiff's appeal is not properly before this Court; therefore, we dismiss Plaintiff's appeal. As to the remaining issues, we affirm the trial court's order, in part, and reverse, in part.

The record tends to show the following: On 25 March 2001, Margaret D. Smith ("Mrs. Smith") and Mrs. Smith's daughter and son-in-law, Judy and Troy Reed ("Defendants"), executed an offer to purchase and contract to buy a home in Mooresville, North Carolina. Countrywide Home Loans, Inc., ("Plaintiff") agreed to finance the purchase of the home and provided a loan to Mrs. Smith in the amount of $117,900.00. The general warranty deed named the grantees as "Margaret D. Smith and Troy D. Reed and wife, Judy C. Reed Joint Tenants with rights of survivorship[.]" The deed of trust to secure Plaintiff's loan and promissory note was prepared in Mrs. Smith's name only and was executed by Mrs. Reed, as attorney in fact for Mrs. Smith, on 1 May 2001. Neither Mr. Reed nor Mrs. Reed signed the deed of trust or promissory note in his or her individual capacity.

Defendants lived together in the home with Mrs. Smith and cared for Mrs. Smith, such that Mrs. Smith was not required to go to a nursing home.

On 19 October 2001, the loan went into default and foreclosure proceedings were commenced.

On 7 February 2004, Mrs. Smith passed away. After Mrs. Smith's death, Defendants began corresponding with Plaintiff regarding a modification of the loan, such that the loan would be in Defendants' name. Plaintiff drafted a loan modification agreement on 25 June 2004 and sent the agreement to Defendants. The agreement purportedly "amend[ed] and supplement[ed] (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the 'Security Instrument')." Defendants signed the agreement on 6 July 2004.

Defendants made payments on the loan to Plaintiff for a short period of time, until approximately August or September 2004. Defendants did not make any additional payments after 2004, and Plaintiff made demand for the payments. On 16 November 2004, Plaintiff notified Defendants that the loan was in default for nonpayment, and Plaintiff gave Defendants the opportunity to cure the default by paying or seeking a loan modification.

In 2006, Defendants requested that they be considered for a further loan modification. However, this modification was denied because Mr. Reed failed to provide proof of income as required.

On 22 January 2009, Plaintiff filed a complaint against Defendants praying that the court order reformation of the deed of trust to reflect the intent of the parties by making Defendants obligors.

On 16 April 2009, Defendants filed an answer and counterclaims alleging negligent misrepresentation and a violation of N.C. Gen. Stat. § 53-243.11.[1] Defendants claimed they were entitled to injunctive relief.

On 24 January 2011, Plaintiff filed a motion for summary judgment, stating that there was no genuine issue of material fact and that Plaintiff was entitled to judgment as a matter of law on both Plaintiff's claim and Defendants' counterclaims.

Likewise, on 17 February 2011, Defendants filed a motion for summary judgment alleging there was no genuine issue of material fact and that they were entitled to judgment in their favor as a matter of law for the following reasons: (1) The reformation of instruments is governed by a three year statute of limitations, and because the date of closing on the loan in this case was 1 May 2001, the statute of limitations was tolled before Plaintiff sought reformation of the Deed of Trust; and (2) Defendants were not a party to the contract in this case, as neither Defendant signed the Note.

The trial court entered an order on 25 March 2011, decreeing that there was no genuine issue of fact in this case and granting summary judgment in Plaintiff's favor. The trial court also "declar[ed] judgment . . . as follows":

> 1. Margaret D. Smith, prior to her death, owned a one-half undivided interest in the real property more particularly described at Deed Book 1259, page 1119-1120, Iredell County Registry. Margaret D. Smith's one-half undivided interest is encumbered by a deed of trust to the benefit of Plaintiff which is recorded at Book 1259, pages 1122-1134 of the ICR.
>
> 2. Troy D. Reed and Judy C. Reed, as Tenants by Entireties, own a one-half undivided interest in the subject real property

---

1. N.C. Gen. Stat. § 53-243.11, the Mortgage Lending Act, was repealed after the filing of Plaintiff's counterclaim in this case by 2009 N.C. Sess. Laws 374 § 1, effective 31 July 2009. The Secure and Fair Enforcement Mortgage Licensing Act, N.C. Gen. Stat. § 53-244.010, *et seq.*, was codified.

which is not encumbered by the deed of trust to the benefit of Plaintiff.

3. Upon the death of Margaret Smith her interest, subject to the deed of trust to the benefit of Plaintiff, vested in Troy D. Reed and wife Judy C. Reed pursuant to the Right of Survivorship as set forth in the deed.

4. The Loan Modification Agreement executed by Troy D. Reed and Judy C. Reed on July 6, 2004 does not create an encumbrance on the Reed's original one-half undivided interest in the real property.

5. Troy D. Reed and wife Judy Reed own the real property in fee simple absolute; subject to Plaintiff's deed of trust encumbering a one-half undivided interest in said real property.

From this order, Defendants appeal.

## I: Plaintiff's Appeal

**[1]** We first address Defendants' motion to dismiss Plaintiff's cross-appeal for Plaintiff's failure to file an appellant's brief. An appellant's brief is due thirty days after the Clerk of the Court of Appeals mails the printed record to the parties. N.C. R. App. P. 13(a) (2012). N.C. R. App. P. 14(d)(2) (2012) provides that "[i]f an appellant fails to file and serve its brief within the time allowed, the appeal may be dismissed on motion of an appellee or on the court's own initiative[.]" *Id.* In this case, the briefs were to be filed no later than 10 August 2011. Plaintiff failed to file a cross-appellant's brief.

We find the case of *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 407 S.E.2d 819 (1991) to be instructive. In *Alberti*, the Court ruled:

> Plaintiffs gave proper notice of appeal on these issues [of attorneys' fees, treble damages, and interest] but did not file an appellant's brief within the time allowed under Rule 13 of the North Carolina Rules of Appellate Procedure. Rather, they attempted to argue the issues in their appellee's brief. The Court of Appeals, therefore, correctly held that plaintiffs had failed to preserve any of these questions for its review, and we affirm this decision.

> Because on these issues plaintiffs are seeking affirmative relief in the appellate division rather than simply arguing an alternative basis in law for supporting the judgment, they are not enti-

tled to cross-assign error in their appellee's brief. N.C. R. App. P. 10(d). To have properly raised these issues plaintiffs should have filed, but did not file, an appellant's brief.

*Id.* at 739, 407 S.E.2d at 826.

Because Plaintiff did not file a cross-appellant's brief in this case, we grant Defendants' motion to dismiss Plaintiff's cross-appeal and will not address the question of whether the trial court erred by concluding that "[t]he Loan Modification Agreement executed by Troy D. Reed and Judy C. Reed on July 6, 2004 does not create an encumbrance on the Reed's original one-half undivided interest in the real property."

## II:  Defendants' Appeal

### A:  Standard of Review

We review a trial court's order granting or denying summary judgment *de novo. Builders Mut. Ins. Co. v. N. Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006) (citation omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). "All facts asserted by the adverse party are taken as true, and their inferences must be viewed in the light most favorable to that party." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citations omitted). "The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense[.]" *Id.* (citation omitted).

Summary judgment may be granted in a declaratory judgment proceeding, "and the scope of appellate review from allowance of a summary judgment motion therein is the same as for other actions." *N.C. Farm Bureau Mut. Ins. Co. v. Briley*, 127 N.C. App. 442, 444, 491 S.E.2d 656, 657 (1997), *disc. rev. denied*, 347 N.C. 577, 500 S.E.2d 82 (1998).

### B:  Summary Judgment

[2] In Defendants' argument on appeal, they contend the trial court erred by granting, in part, Plaintiff's motion for summary judgment and denying Defendants' motion for summary judgment because the

deed of trust did not survive Mrs. Smith's death. We find this argument without merit.

The question presented in this appeal is a novel one. The general warranty deed filed on 2 May 2001 created a joint tenancy between Mrs. Smith and Defendants, with right of survivorship. However, the deed of trust, which was filed one minute after the general warranty deed, encumbered the property. Mrs. Smith was the sole obligor on the deed of trust. This Court must determine whether the deed of trust severed the joint tenancy, such that only the portion of the property owned by Mrs. Smith was encumbered, or whether the deed of trust did not sever the joint tenancy, but instead obligated Mrs. Smith and Defendants, thus encumbering the entire property.

N.C. Gen. Stat. § 41-2(a) (2011) permits the creation of a joint tenancy with right of survivorship "if the instrument creating the joint tenancy expressly provides for a right of survivorship." *Id.* "Upon conveyance to a third party by one of two joint tenants holding property in joint tenancy with right of survivorship, *a tenancy in common is created* between the third party and the remaining joint tenant." *Id.* (emphasis added).

"A mortgage is a conveyance by a debtor to his creditor, or to some one in trust for him, as a security for the debt." *Walston v. Twiford*, 248 N.C. 691, 693, 105 S.E.2d 62, 64 (1958) (quotation omitted).

> North Carolina is considered a title theory state with respect to mortgages, where a mortgagee does not receive a mere lien on mortgaged real property, but receives legal title to the land for security purposes. In North Carolina, deeds of trust are used in most mortgage transactions, whereby a borrower conveys land to a third-party trustee to hold for the mortgagee-lender, subject to the condition that the conveyance shall be void on payment of debt at maturity. Thus, in North Carolina, the trustee holds legal title to the land.

*Neil Realty Co. v. Medical Care, Inc.*, 110 N.C. App. 776, 778, 431 S.E.2d 225, 226-27 (1993) (citations omitted).

The doctrine of survivorship does not apply to tenancies in common, and upon the death of a person holding property as a tenant in common, the person's share descends to her heirs or is devised as her will provides. N.C. Gen. Stat. § 41-2; *see also See* 1 James A. Webster, Jr., Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 7.05 (6th ed. 2011). "Any joint ten-

ancy interest held by a husband and wife, unless otherwise specified, shall be deemed to be held as a single tenancy by the entirety, which shall be treated as a single party when determining interests in the joint tenancy with right of survivorship." N.C. Gen. Stat. § 41-2(b).

In this case, because North Carolina is a title theory State, and thus a mortgage is a conveyance, Mrs. Smith severed the joint tenancy when she, as the sole obligor on the deed of trust, filed the deed of trust encumbering the property. After the joint tenancy was severed, Mrs. Smith's interest as a tenant in common was one-half of the property; Defendants' interest, as tenants by the entirety, was also one-half. This is because Defendants are husband and wife; as such, they held the property "as a single tenancy by the entirety" and were "treated as a single party when determining interests in the joint tenancy with right of survivorship" upon severance of the joint tenancy. N.C. Gen. Stat. § 41-2(b).

Based on the foregoing, we hold the trial court was correct in concluding that "Troy D. Reed and Judy C. Reed, as Tenants by Entireties, own a one-half undivided interest in the subject real property which is not encumbered by the deed of trust to the benefit of Plaintiff[.]" In other words, the deed of trust executed by Mrs. Smith only encumbered Mrs. Smith's interest in the property—the portion of the property owned by Mrs. Smith as a tenant in common after the severance of the joint tenancy by the filing of the deed of trust. However, we further hold the trial court was incorrect in concluding that "[u]pon the death of Margaret Smith her interest, subject to the deed of trust to the benefit of Plaintiff, vested in Troy D. Reed and wife Judy C. Reed pursuant to the Right of Survivorship as set forth in the deed." The joint tenancy was severed upon the filing of the deed of trust, N.C. Gen. Stat. § 41-2, and Mrs. Smith's interest in the property converted to a tenancy in common, which has no right of survivorship. Lastly, because Mrs. Smith's interest in the property did not vest pursuant to the right of survivorship, we hold the trial court was also incorrect in concluding that "Troy D. Reed and wife Judy Reed own the real property in fee simple absolute[.]"[2]

2. Other States have codified statutes addressing the particular question raised in this appeal, and our General Assembly may also consider and address this issue, should it be so inclined. South Carolina, S.C. Code Ann. § 27-7-40(a)(iii) (2011) prohibits any encumbrance of a joint tenancy unless all joint tenants join in the encumbrance. See S.C. Code Ann. § 27-7-40(a)(iii) (providing, "[t]he fee interest in real estate held in joint tenancy may not be encumbered by a joint tenant acting alone without the joinder of the other joint tenant or tenants in the encumbrance"). In Wisconsin, Wis. Stat. § 700.24 (2011) provides that on the death of a mortgaging joint tenant the survivor

**COUNTRYWIDE HOME LOANS, INC. v. REED**

[220 N.C. App. 504 (2012)]

In summary, we hold that the trial court was correct in concluding that there is no genuine issue as to any material fact in this case and that Plaintiff is entitled to a judgment as a matter of law on the issue of whether the deed of trust in this case encumbered Mrs. Smith's one-half interest in the property as a tenant in common. We further conclude that the trial court erred by concluding that Mrs. Smith's interest in the property "vested in Troy D. Reed and wife Judy C. Reed pursuant to the Right of Survivorship" and Defendants "own the real property in fee simple absolute[,] subject to Plaintiff's deed of trust." The joint tenancy was severed upon the filing of the deed of trust, and Mrs. Smith's interest in the property converted to a tenancy in common, which has no right of survivorship.

AFFIRMED, in part, REVERSED, in part, and DISMISSED, in part.

Judges ERVIN and BEASLEY concur.

---

takes subject to the mortgage. *See* Wis. Stat. § 700.24 (stating that a real estate mortgage, a security interest, or a lien "on or against the interest of a joint tenant does not defeat the right of survivorship in the event of the death of such joint tenant, but the surviving joint tenant or tenants take the interest such deceased joint tenant could have transferred prior to death subject to such mortgage, security interest or statutory lien").