IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1151

Filed: 19 April 2016

Halifax County, No. 13 CVS 624

ALBERT S. DAUGHTRIDGE, JR. and MARY MARGRET HOLLOMAN
DAUGHTRIDGE, Plaintiffs,

v.

THE NORTH CAROLINA ZOOLOGICAL SOCIETY, INC., Defendant.

Appeal by plaintiffs and cross-appeal by defendant from order entered 11
December 2014 and judgment entered 29 June 2015 by Judges Alma L. Hinton and
Marvin K. Blount, III, respectively, in Halifax County Superior Court. Heard in the
Court of Appeals 10 March 2016.

> *Boxley, Bolton, Garber & Haywood, by Ronald H. Garber, for plaintiffs.*
> *Charles S. Rountree, III, for defendant.*

GEER, Judge.

Plaintiffs Albert S. Daughtridge, Jr. and Mary Margret Holloman Daughtridge
appeal from a judgment quieting title in favor of defendant, the North Carolina
Zoological Society, Inc. Plaintiffs contend the trial court erroneously overruled a
previous order by a different superior court judge who had denied defendant's motion
for summary judgment on the same issue. We agree with plaintiffs and find the
procedural circumstances identical to those of *Iverson v. TM One, Inc.*, 92 N.C. App.
161, 374 S.E.2d 160 (1988). Accordingly, we vacate the judgment and remand to the
trial court for trial on the issues presented in plaintiffs' complaint.

Facts

On 13 September 2010, defendant recorded a general warranty deed in the Halifax County Public Registry to a 25-acre tract of land which was granted in fee simple by John B. Shields. Included in the deed was a reference to a map of the 25-acre tract prepared by a surveyor on 10 August 2010. After discovering this deed in 2013, plaintiffs recorded 14 non-warranty deeds describing property by metes and bounds that also claimed title to land described by the survey referenced in defendant's deed. Plaintiffs then filed a declaratory judgment action and a notice of lis pendens in Halifax County Superior Court against defendant on 3 July 2013 for the purpose of quieting title to this disputed real property. Defendant filed an answer and its own counterclaim to quiet title on 17 September 2013.

The real property in dispute is located between the town of Scotland Neck and the Roanoke River, abutting the southern boundary of White's Mill Pond. All parties seem to agree that plaintiffs' property is bounded on the east and northeast by the Kehukee Swamp Run, a water course that runs south through White's Mill Pond and then in a southeasterly direction. The issue at the heart of this case is which party has proper record title to an approximately five-acre tract of land determined by a description of the course of the Kehukee Swamp Run in each parties' respective chains of title.

In conducting discovery, the parties produced substantial documentation regarding their respective chains of title dating as far back as 1799, as well as documentation regarding the exact location and course of the Kehukee Swamp Run. On 13 August 2014, defendant filed a motion for summary judgment, which came on for hearing on 3 November 2014 before Judge Alma L. Hinton. After reviewing detailed evidence regarding each parties' respective claims to chain of title to the disputed real property, Judge Hinton determined that summary judgment was not appropriate. Judge Hinton, therefore, entered an order on 11 December 2014 denying defendant's motion for summary judgment, and trial was calendared for 13 April 2015.

Subsequent to the denial of defendant's motion for summary judgment, plaintiffs deposed defendant's surveyor and defendant's closing attorney. Plaintiffs also filed with the court an affidavit from an expert witness expressing an opinion on the exact course of the Kehukee Swamp Run. On 15 April 2015, after conducting a pre-trial hearing spanning three days, Judge Marvin K. Blount, III took the case under advisement "to determine whether or not the case needs to be decided . . . by a jury or whether [there] are questions of law that will be decided by the judge." After hearing further arguments on 21 May 2015, Judge Blount directed defendant's counsel to prepare a judgment quieting title in favor of defendant as a matter of law.

Judge Blount entered that judgment on 29 June 2015, and plaintiffs timely appealed the judgment to this Court.[1]

I

Plaintiffs argue that Judge Blount was precluded from quieting title in favor of defendant as a matter of law on 29 June 2015 because Judge Hinton had previously denied defendant's motion for summary judgment on the very same issue on 11 December 2014. We agree.

Plaintiffs cite generally to *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972), for the well-established rules that "no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." It is well established that "[o]ne superior court judge may only modify, overrule, or change the order of another superior court judge where the original order

---

[1]There is also a dispute regarding whether defendant owns the property to the east of the Kehukee Swamp Run that is the subject of separate litigation between defendant and Virgil Leggett in Halifax County Superior Court, file no. 14 CVS 1027. Hearings in 14 CVS 1027 were calendared in Halifax County Superior Court for the same date as the hearings in this action between the parties to this appeal. The trial court ultimately entered partial summary judgment in favor of the North Carolina Zoological Society in 14 CVS 1027. Plaintiffs in this case and Mr. Leggett have filed a petition for writ of certiorari in this appeal in 13 CVS 624, seeking review of the summary judgment order entered in 14 CVS 1027. Because plaintiffs were not parties in 14 CVS 1027, they may not seek review of the order entered in that case. *See Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) ("A careful reading of Rule 3 [of the Rules of Appellate Procedure] reveals that its various subsections afford no avenue of appeal to either entities or persons who are nonparties to a civil action."). Moreover, Mr. Leggett may not seek review in this appeal of an order entered in an entirely different proceeding. We, therefore, have denied plaintiffs' and Mr. Leggett's petition for writ of certiorari.

was (1) interlocutory, (2) discretionary, and (3) there has been a substantial change of circumstances since the entry of the prior order." *First Fin. Ins. Co. v. Commercial Coverage, Inc.*, 154 N.C. App. 504, 507, 572 S.E.2d 259, 262 (2002).

"In the granting or denial of a motion for summary judgment, the court is ruling as a matter of law, and is not exercising its discretion." *Carr v. Great Lakes Carbon Corp.*, 49 N.C. App. 631, 633, 272 S.E.2d 374, 376 (1980). Because a denial of a motion for summary judgment is not discretionary, "[t]he aggrieved party may not seek relief by identical motion before another superior court judge." *Id.* at 634, 272 S.E.2d at 376. Furthermore, "one trial judge 'may not reconsider and grant a motion for summary judgment previously denied by another judge.' " *Iverson*, 92 N.C. App. at 164, 374 S.E.2d at 163 (quoting *Smithwick v. Crutchfield*, 87 N.C. App. 374, 377, 361 S.E.2d 111, 113 (1987)).

Defendant attempts to circumvent these established rules by labeling Judge Blount's judgment a "directed verdict." Defendant cites to *Clinton v. Wake Cnty. Bd. of Educ.*, 108 N.C. App. 616, 621, 424 S.E.2d 691, 694 (1993), for the proposition that "a pretrial order denying summary judgment has no effect on a later order granting or denying a directed verdict on the same issue or issues." In *Clinton*, "[a]ll motions for summary judgment were denied . . . and the case proceeded to trial . . . ." *Id.* at 620, 424 S.E.2d at 693. The plaintiff in *Clinton* presented his evidence at trial before a jury and then the trial court directed a verdict in favor of the defendant. *Id.*

*Clinton* has no relevance to the case before us.  Here, Judge Blount did not grant a directed verdict during trial following the presentation of evidence.  *See Buckner v. TigerSwan, Inc.*, ___ N.C. App. ___, ___, 781 S.E.2d 494, 498 (2015) (" '[I]t is well settled that a motion for a directed verdict only is proper in a jury trial.' " (quoting *Dean v. Hill*, 171 N.C. App. 479, 482, 615 S.E.2d 699, 701 (2005))).  Instead, he conducted *a pre-trial hearing* to determine whether there were genuine issues of fact appropriate for a jury trial or if the case could be decided as a matter of law.  Whether labeled as such or not, Judge Blount purported to grant summary judgment to defendant.

The procedural circumstances in this case are identical to those in *Iverson*.  In *Iverson*, after one superior court judge had denied defendant's motion for summary judgment, a subsequent superior court judge "conducted, at a pretrial conference, a hearing in the absence of the jury to determine whether a material issue of fact existed.  This was the issue which had previously been presented to and decided by [the original judge presiding over defendant's summary judgment motion]."  92 N.C. App. at 164, 374 S.E.2d at 163.  This Court held that the procedure used by the subsequent presiding judge, "while not labeled a hearing on summary judgment, was exactly that."  *Id.* at 165, 374 S.E.2d at 163.  Because the subsequent judgment overruled the original denial of summary judgment, this Court vacated the

subsequent judgment and remanded the case back to the superior court for trial on the issues presented in the plaintiff's complaint. *Id.*

Because this case is materially indistinguishable from *Iverson*, we hold that Judge Blount's entry of judgment in defendant's favor prior to trial had the effect of overruling Judge Hinton's earlier denial of defendant's motion for summary judgment. We, therefore, must vacate Judge Blount's judgment and remand to the trial court for trial on the parties' actions to quiet title to the disputed real property. *Id. See also Cail v. Cerwin*, 185 N.C. App. 176, 184, 648 S.E.2d 510, 516 (2007) (holding that "only when the legal issues differ between the first motion for summary judgment and a subsequent motion may a trial court hear and rule on the subsequent motion").

## II

Defendant filed a notice of cross-appeal from Judge Hinton's order denying defendant's motion for summary judgment that was untimely under Rule 3(b)(3) of the Rules of Appellate Procedure. Because of the untimeliness of the notice, defendant has also filed a petition for writ of certiorari seeking review of that same order. Defendant, however, failed to file an appellant's brief and instead simply included its argument on its cross issues in its appellee brief.

Because defendant's notice of cross-appeal was untimely, we have granted plaintiffs' motion to dismiss defendant's cross-appeal. Further, by failing to file an

appellant's brief in support of the cross-appeal that is the subject of the petition for writ of certiorari, defendant precluded plaintiffs from being able to fully respond with an appellees' brief. It is well established that this Court will not consider a cross-appeal when the cross-appellant has failed to file an appellant's brief. *See, e.g., Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 739, 407 S.E.2d 819, 826 (1991) ("Plaintiffs gave proper notice of appeal on these issues but did not file an appellant's brief within the time allowed under Rule 13 of the North Carolina Rules of Appellate Procedure. Rather, they attempted to argue the issues in their appellee's brief. The Court of Appeals, therefore, correctly held that plaintiffs had failed to preserve any of these questions for its review, and we affirm this decision."); *Countrywide Home Loans, Inc. v. Reed*, 220 N.C. App. 504, 508, 725 S.E.2d 667, 670 (2012) ("Because Plaintiff did not file a cross-appellant's brief in this case, we grant Defendants' motion to dismiss Plaintiff's cross-appeal[.]").

Moreover, defendant's purported cross-appeal and petition for writ of certiorari seek review of an interlocutory order. In *Cail*, 185 N.C. App. at 185-86, 648 S.E.2d at 516-17, once this Court concluded that a superior court judge improperly granted summary judgment after a prior judge had denied a motion for summary judgment, the Court declined to address the defendant's arguments that the initial denial of summary judgment should be reversed. The Court noted that because the order denying summary judgment was an interlocutory order, it could only be reviewed

upon a showing that it affected a substantial right. *Id.* at 185, 648 S.E.2d at 517. Because the defendant had failed to make the necessary showing, the Court dismissed the defendant's cross-appeal. *Id.* at 186, 648 S.E.2d at 517.

Likewise, in this case, defendant has made no attempt to show that Judge Hinton's order affects a substantial right. Because of defendant's failure to file an appellant's brief and because defendant has failed to show why an appeal of Judge Hinton's order is now necessary, we exercise our discretion to deny its petition for writ of certiorari.

It appears, however, that defendant may also be contending in its appellee brief that its arguments regarding Judge Hinton's order denying summary judgment constitute an alternative basis for upholding Judge Blount's order entering judgment in defendant's favor. Rule 28(c) of the Rules of Appellate Procedure allow an appellee, "[w]ithout taking an appeal," to "present issues on appeal based on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken."

Plaintiff has, however, appealed from Judge Blount's 29 June 2015 judgment, while defendant is challenging a separate order: Judge Hinton's 11 December 2014 order. In *Belmont Land & Inv. Co. v. Standard Fire Ins. Co.,* 102 N.C. App. 745, 751, 403 S.E.2d 924, 927 (1991), this Court specifically held that when the plaintiff

appealed from an order granting summary judgment on one of its claims, defendants could not seek review of an earlier order denying their motion for summary judgment on the grounds that the earlier order deprived them of an alternative basis in law for supporting the summary judgment challenged on appeal. The Court stated simply: "The error assigned by defendants does not relate to the order . . . from which appeal has been taken." *Id.*

Because defendant's arguments do not relate to the order that plaintiffs appealed, defendant cannot rely on Rules 10(c) and 28(c) as a basis for review of Judge Hinton's order. Accordingly, we hold that defendant's arguments are not properly before us, and we decline to address them. *See also Birmingham v. H&H Home Consultants & Designs, Inc.*, 189 N.C. App. 435, 444, 658 S.E.2d 513, 519 (2008) (declining to consider cross-assignment of error under the predecessor rule to Rule 10(c) because it did "not address the order entered by the trial court from which plaintiff appeals").

VACATED AND REMANDED.

Judges TYSON and INMAN concur.